STATE OF MISSISSIPPI *v*. W. Y. BAKER, et al.

1. STATUTE CONSTRUED — ART. 6, P. 332, REV. CODE 1857 — PENALTY OF STATUTE NOT RECOVERABLE ON OFFICIAL BOND. — A suit does not lie under article 6, p. 332, Rev. Code of 1857, against the clerk and sureties on his official bond, for the penalty prescribed by the statute, but may be maintained for the damage actually sustained, which may be more or less than the sum of one thousand dollars; or suit may be brought against the clerk individually for the prescribed penalty.

ERROR to the circuit court of Alcorn county. INGE, J.

The opinion of the court fully discloses the facts of this case.

*John W. Thompson,* for plaintiff in error,

Insists that the judgment of the circuit court in this case is manifestly erroneous.

The main object of the statute, Rev. Code, p. 332 in providing a forfeiture against the probate clerk, for illegally issuing a marriage license, was to protect parents and guardians in their rights as such. 40 Miss. 56.

No one but a party in interest has a right to bring suit on this statute. 1 How. (Miss.) 85; Rev. Code p. 137, art. 188. The securities on the bond of a probate clerk ought to be liable for his maladministration in this, as well as in any other class of cases. The bond of the probate clerk was intended as an indemnity to those interested in the issuance of marriage license, and none other. And where the statute says: "If any clerk shall issue a marriage license without the requisites before prescribed, or in any other manner than above mentioned, such clerk shall, for each offence, forfeit and pay the sum of one thousand dollars, for the use and benefit of the person suing for the same." It does not mean that a party having no interest may sue for and recover the penalty of $1,000. The plaintiff must bring himself within the privilege of the statute, and show that he is interested, as parent or guardian. It is a penal statute, and must be construed strictly. This is not a popular action in any sense.

Sedg. on Stat. and Const. Law, 65, 95, 92, 91, 111, 326, 336. Also, Com. Dig. Statutes; Dudley v. Maher, 3 Comst. 9; 2 Black. Com. 437, Sharswood's ed; 3 ib. 161; Rev. Code, p. 137, art. 188; 1 Chitty's Pl. 112, 113, 371, 374; Com. Dig. Action on Statutes, E.; Bac. Abr. Debt, A.

*G. L. Potter,* on same side.

This suit is an action on the official bond of a probate clerk, against the clerk and his securities, and the

object is to recover the statutory penalty for improperly issuing a marriage license to a minor son, without consent of the father. The suit is for the use of the latter.

Probate clerks were required to execute bonds conditioned according to law. Code, p. 425, art. 9. The condition of such bond is given, (Code, p. 136, art. 186;) and is the same set forth in this suit, viz.: that the clerk "shall faithfully perform and discharge all the duties of the said office, and all acts and things, required by law, or incident to, the said office."

It was the official duty of the clerk to issue marriage licenses in proper cases. "Marriage licenses shall be granted and issued by the clerk of the probate court." Code, p. 332, art. 6. By that article, such licenses were to be issued under certain "regulations and restrictions," among which were these: if the male intending to marry was under the age of twenty-one, the consent of the parent or guardian must be "personally given before the clerk, or due proof made to him by oath, etc., that the parent or guardian did sign a certificate there produced, giving consent," etc.

The same provided, that, if the clerk issued such license, "without the requisites before prescribed, or in any other manner than above mentioned, he should, for each offence, forfeit and pay the sum of $1,000, for the use and benefit of the person suing for the same," by action of debt, etc.

The malfeasance, in such a case, is official, and the penalty is imposed upon him as clerk "If any clerk shall issue," &c., "such clerk shall, for each offence, forfeit," etc., (Code, p. 332, art. 6;) and the official bond covers the malfeasance. The issuance of the license, under the circumstances stated, was a breach of the bond. The sum named as a penalty, is but the amount of damage, assessed by the statutes for the breach, and the parties to the bond are liable accordingly. But if it were not so, and the clerk only was liable for the

penalty, there would still be a breach of the bond, and the principal and sureties would be liable upon it for the damages sustained; and in this case the "damage" is laid at $500.

We now turn to the causes assigned for demurrer, the court being limited to those causes. Code, 1857, p. 495, art. 108. The causes assigned are these, viz. :

1. No damage shown to plaintiff, that is, to the usee, who is father to the infant son, and is the person injured by the breach. The law implies damage in such a case, and the damages are laid at $500.

2. The suit is improperly brought in the name of the state. How else should it be brought on the bond? The code prescribed this mode, p. 13, § 188.

3. Declaration is "uncertain," in that it does not show whether it is for the statutory penalty, or for damages caused by the breach. This is a mistake. It demands both. If it was, therefore, double, it matters not, for there is no objection on the ground of duplicity.

4. That declaration contains more than one ground of action in the same count. This also is a mistake. The suit is, simply, on the bond.

5. Declaration contains "multifarious, irrelevant and redundant matter. This is a mistake; but if the suggestion was true, it would be no cause for demurrer to the whole declaration. If it shows any cause of action, the demurrer must fail.

6. It does not sufficiently set out the statute, as if we must plead the code.

*Sale & Dowd*, for defendants in error.

I. The declaration shows no cause of action against the clerk or his sureties. The condition of the bond is, "that the clerk shall faithfully perform the duties of his office, and all the acts and things required by law." A criminal act of commission is not a breach of the bond. If the clerk were to refuse or fail to record

a deed, or to issue a marriage license, or to perform any duty, it would be a breach of the bond. But if he wilfully mutilates the record, or burn the files, or commit any other misdemeanor, it is not a breach of his official bond. The code, 332, art. 6, on which this action is founded, provides that if any clerk "shall issue marriage licenses without the requisites prescribed, he shall, for each such offence, forfeit the sum of one thousand dollars, to be recovered by action of debt." This act is highly penal, and imposes the penalty on Baker, the individual, and not on the officer. Because, he ceased to act as an officer, and without any authority of law, issued a marriage license. If he were to sign his name officially to a libel, it would not be a cause of action on the bond. Bates v. Stokes, 40 Miss. R. 60. This is a new offence, created by statute, and a penalty is given for it, and the punishment and remedy is confined to that given by statute, and that is an action of debt against the individual filling the office of clerk, and not on the official bond. City of Boston v. Shaw, 1 Met. 130; Crosley v. Bennett, 7 ib. 17 ; Smith v. Lockwood, 13 Barb. 209 ; Dudley v. Mayhew, 3 Comst. 9. The securities, of course, cannot be bound beyond the actual terms of the engagement, and the contract of a surety will never be construed so as to embrace anything which is not included within the fair scope of the terms of his agreement. Miller v. Stewart, 9 Wheat. 680 ; U. S. v. Kirkpatrick, 9 Wheat. 720.

II. Having thus seen that no suit can be maintained on the bond, against the clerk and sureties, to recover a penalty imposed on the individual for a misdemeanor, by committing a grave offense under color of office, and that no breach of the official bond is alleged, we affirm that no action can be maintained on the bond, unless actual damage is averred and proven. In an action to recover the penalty of $1,000, it must be averred and proved that the clerk wilfully violated the statute to

create the offense. But in an action on the bond, to recover damages, he is liable for all failures to perform the duties of his office, and for unintentional negligence. Dupree v. Irby, 13 Ala. 131. And in all such cases the aggrieved party can only recover such damages as he has actually sustained. Batchelder v. Kelly, 10 N. H. R. 436; Perkins v. Hackelman, 26 Miss. 41.

This suit is not brought to recover any actual damages. None is averred. It is to recover a penalty imposed by the statute, and $500 damages for the detention of the penalty of $1,000, which means interest.

The plaintiff in error declines to amend his declaration, and the judgment must therefore be affirmed.

SIMRALL, J. :

The question presented by the record is whether the father of a daughter under eighteen years of age can maintain a suit against the probate clerk, and the sureties on his official bond, to recover the statutory penalty of $1,000, for issuing a license to a male to marry the daughter, in the absence of the father's consent, or the affidavit of a credible person that the daughter is over eighteen years of age.

The subject is regulated by art. 6, Code of 1857, p. 332. The last clause of the article prescribes the penalty, to wit: "If any clerk shall issue a marriage license, without the requisites before prescribed, or in any other manner, such clerk shall, for each offense, forfeit and pay the sum of one thousand dollars, for the use and benefit of the person suing for the same, to be recovered by action of debt before any court having cognizance thereof." The condition of the bond is that the clerk shall faithfully perform and discharge all the duties of the office, and all the acts and things required by law or incident to the office."

It could not well be questioned that the issuance of a

marriage license not in conformity to the statute, would not be " a faithful performance of official duty," but would be a breach of the condition of the bond, for which the aggrieved party might sue. In effect, the stipulation of the sureties is, that for any misfeasance of the clerk, as expressed in the condition, for " any non-performance, or failure to discharge official duty," they will indemnify any person injured. The engagement of the surety is " *stricti juris,*" not to be increased or extended beyond the fair import of his contract.

Another principle has been long considered by the courts : that penal statutes must be construed strictly ; which means that a proceeding founded upon them must be clearly brought within the letter and reason of them. Thus when debt upon the statute, is brought to recover the penalty for cutting trees upon another's land, if it turns out that the trespass was committed on the lands of another, by mistake as to the boundary, the action will not lie, because the act was not wilfully done, and the purpose of the statute is to punish with punative damages the wilful wrongdoer. Perkins v. Hackleman, 26 Miss. 45. In such case the damages will be limited to the actual injury done.

Where the statute gives a remedy to recover liquidated damages, by way of penalty for the wrong done, the statute must be strictly perused, otherwise the plaintiff will lose its benefit. The choice is often afforded between the action of acts on the statute for the penalty, and the appropriate remedy at common law. In the former the damages are fixed and arbitrary, not measured so much by the loss sustained or the injury done, as by motives of policy, to punish for the wrong committed. In the latter the remuneration is ordinarily confined to a simple precuniary reparation. The plaintiff here had his election either to go upon the bond against the clerk and his sureties, wherein he could recover such damages as his evidence shall show he has

suffered, or he might persue the special remedy given by the statute.   A close reading of statute, brings out two prominent features; first, the misconduct of the clerk is described as an "offence;" second, the $1,000 is a "forfeiture," to be recovered by the "action" of "debt." It has ever been the rule at common law, that if a statute denounces a penalty or forfeiture, for the benefit of a party aggrieved, and prescribes no remedy, the action of debt, grounded on the statute, is the appropriate and only fit action.   1 Chit. Plead., title "Debt."   Adams v. Wood, 2 Cranch. 336.

We have not been able to find a precedent to sustain this action.   Reason and the analogies of principle are against it.   In Bates v. Stokes, the suit was directly against the clerk upon the statute; so was Detterly v. Yeamans, there referred to as not reported.

We are of opinion that the plaintiff may sue upon the official bond, for the issuance of a license for the marriage of his daughter under 18 years of age, in the circumstances stated in his declaration; but in such suit he is limited to such damages as he has sustained, as shown by the evidence, which may be more or less than the statutory forfeiture.   We are further of opinion that the plaintiff cannot count upon the statutory penalty, in a suit against principal and sureties in the official bond.

There was no error therefore in sustaining the demurrer to the declaration.

*Judgment affirmed.*