## ELLSWORTH v. BUSBY et al.

(Division B.   April 8, 1935.   Suggestion of Error Overruled, May 6, 1935.)

[160 So. 575.   No. 31630.]

Welch & Cooper, of Laurel, for appellant.

D. B. Cooley and Deavours & Hilbun, all of Laurel, and Paul B. Johnson, of Hattiesburg, for appellees.

402

Argued orally by **Ellis B. Cooper**, for appellant, and by Henry Hilbun and **D. B. Cooley**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellant brought suit in the circuit court against W. L. Busby, chancery clerk, and the United States Fidelity & Guaranty Company, surety on his official bond. The case was transferred to the chancery court, and the pleadings were made to conform to that court. The bill charged that W. L. Busby was the clerk of the chancery court of Jones county, Mississippi, during the years 1931, 1932, and 1933, and that, as required by law, he gave bond with the United States Fidelity & Guaranty Company as surety thereon, a copy of which was made an exhibit to the bill. It was alleged that Busby appointed Charles T. Walters as his deputy for and during the years aforesaid; that said Walters, as such deputy clerk, acted for Busby, who was, in law, responsible for the acts of his deputy. It was further alleged that there was pending in the chancery court a case entitled "In the matter of the estate of D. B. Fox, deceased, F. O. Fox, Administrator," No. 6064 on the docket of said court, and that said estate was being there administered, and F. O. Fox was the administrator, and had published notice to creditors as required by law.

It is alleged that at the time of the death of said D. B. Fox, he was indebted to Ellsworth in the sum of three thousand eight hundred sixteen dollars and ninety-four cents plus interest from December, 1931, same being the balance due on premiums on liability and fire insurance policies; that appellant, Ellsworth, filed his account against the estate attaching to said account the affidavit required by law, and presented it to Walters, the deputy chancery clerk, then acting as a deputy for Busby, chancery clerk; and that said clerk did approve said claim and registered it on March 19, 1932, and did, on the printed form reading, "Probated and allowed for $— and registered this the ——— day of ——— A. D. —,"

insert in the first blank "three thousand eight hundred sixteen dollars and ninety-four cents" and in the second blank he inserted "19th," in the third blank "Mch.," and in the last blank "1932," so that it read: "Probated and allowed for three thousand eight hundred sixteen dollars and ninety-four cents and registered this the 19th day of Mch. A. D. 1932."

But appellant avers that Busby, personally and through his deputy, wholly failed to sign his name officially thereto as required by law. That the said deputy clerk then and there told the appellant that said claim was duly probated, registered, and allowed. A copy of said claim was attached to the bill. The bill further avers that on June 20, 1932, the administrator filed an objection to said claim on the ground that Busby had not officially signed the certificate of probation.

It is alleged that after the hearing, the court disallowed the claim, and an appeal was taken to the Supreme Court of Mississippi, where the action of the chancery court of Jones County was affirmed. Appellant avers that, by reason of the failure of the chancery clerk to perform the duties of his office, he, said appellant, has been damaged in the sum of three thousand eight hundred sixteen dollars and ninety-four cents with interest from December, 1931. The bill prayed for a decree against W. L. Busby and the sureties on his official bond, and for other and further special and general relief. The affidavit to the account conformed to the statutory requirements.

The bill was demurred to on the following grounds:

1. That it did not present an itemized account, as provided by law, to the clerk.

2. That it was the duty of the complainant, under the law, to properly itemize his claim, and to see that the clerk made the proper indorsement thereon.

3. That it shows that the deputy clerk in passing on the claim was acting in a quasi judicial capacity and, under the law, there is no liability for his acts.

This demurrer was sustained.

The decree recites that, "after hearing the demurrer and the argument of counsel for the parties, and upon consideration thereof, the court is of the opinion that the said demurrer should be sustained, first, because the account attempted to be probated, as shown by the bill, was not itemized as provided by statute, and therefore not entitled to be probated, and second, because the acts of the defendant clerk complained of, for which liability is sought to be imposed on the defendant, are quasi-judicial in their nature for which there is no liability except in case of corruption or wilful wrong," and the bill was dismissed.

The account was for insurance premiums and showed the name of the company issuing the policies, the date of the charge, the numbers of the policies, the amount of the premiums, the period of duration, etc. A sample is as follows: "Maryland Casualty Company. 1925. Aug. 28. Steam Boiler 8/28/25-8/28/28. No. 262221 $250.40"

Another one reads as follows: "1929. Mar. 12. Hudson Barn. 1500# Pol. No. 734663. Prem. 121.80." And all of the items, as made up, show a balance due of three thousand eight hundred sixteen dollars and ninety-four cents, the amount sought to be recovered.

We are of the opinion that the account was sufficiently itemized to inform the administrator and other interested persons of the nature and character of the charges thereof, and that, with this information, any person interested could challenge the validity or deny liability therefor in any manner deemed appropriate under the law

It seems to us that the policy numbers, name of the insurance company, date of issuance and the period covered by the policy, and the amount of premium charged, and when due, are sufficient to comply with the law in reference to items of account of this character.

The principal case relied upon by the appellee to justify the decree is Finck & Co. v. Brewer, 133 Miss. 9, 96 So. 402, 403. The account in this case has items as follows:

| Lot No. | Price. | Dozens. | Amount. | Total. |
| --- | --- | --- | --- | --- |
| 52 | 72.00 | 2 | 144.00 | |
| 102 | 27.00 | 2 | 54.00 | |
| 780 | 35.00 | 3 | 105.00 | 303.00 |

It was there held that the account was not sufficient to show what the lots consisted of, or to tell the character of goods purchased.

We are also of the opinion that the allegations of the bill, paragraph 7 thereof, show that the clerk inserted the amount of the claim, the date, the month and year, so as to make the account read that it was probated, allowed for three thousand eight hundred sixteen dollars and ninety-four, and registered on the 19th day of March, 1932, and this, coupled with the statement of the deputy clerk that said claim was duly probated and allowed, is sufficient to show that the clerk had found the facts essential to the validity of the probate, and that there was nothing further to be done to make the probate effective and valid, except to sign the clerk's name thereto. The signing of the clerk's name is a ministerial act. A quasi judicial act is the determination of the fact as to whether the claim is a proper item, and whether it is a validly probatable claim. When this is done, the signature only constitutes a memorial, and is like any other minutes, or record kept, a memorial to a judicial act, and is not a quasi judicial act in and of itself. The thing that is quasi judicial is the determination of the facts in reference to the sufficiency and legality of the claim, and not the signing of the clerk's name. Failing to do so, under the allegations of the bill in this case, was a breach of the duty of the clerk. See State v. Baker, 47 Miss. 88; McNutt v. Livingston, 7 Smedes & M. 641; Brown v. Lester, 13 Smedes & M. 392; Bowling v. Arthur, 34 Miss. 41; and Mechem on Public Officers, page 442, sec. 657.

The judgment of the court below will, therefore, be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.