In the Matter of the Application of MICHAEL GLEIT, Doing Business under the Trade Name and Style of REGAL CONSTRUCTION COMPANY, Petitioner, for an Order Compelling Mr. Justice JOSEPH W. KELLER, one of the Justices of the City Court of the City of New York, Respondent, to Sign the Judgment in the Action Entitled City Court of the City of New York, County of New York, TRIO BUILDERS SUPPLY Co., INC., Plaintiff, *v.* MICHAEL GLEIT et al., Defendants.

Supreme Court, Special Term, New York County, February 14, 1942.

*Julius Irving Krefetz*, for the petitioner.

*John J. Bennett, Jr.*, Attorney-General [*Howard F. R. Mulligan* and *Joseph Mafera, Assistant Attorneys-General*, of counsel], for the respondent.

EDER, J. This is an application for an order in the nature of mandamus, under article 78 of the Civil Practice Act, directed to the respondent, a justice of the City Court of the City of New York, to forthwith sign a judgment following the rendition of a decision after trial upon the merits before him without a jury of an action

to foreclose a mechanic's lien, all the parties having stipulated in open court to waive findings of fact and conclusions of law. The decision which was rendered was an oral one which, it is alleged, was dictated into the record, directing that judgment be entered as described in the petition herein, " to all of which all attorneys consented to in all respects." It is further alleged, and not denied, that the respondent stated that he would not sign the judgment and would declare a mistrial and set the cause down for retrial, all against the protests of all attorneys, and this act of the respondent is alleged to be arbitrary and contrary to law.

No papers in opposition have been submitted by the respondent by way of traversing the allegations of the petition. Instead a cross-motion, as authorized by section 1293 of the Civil Practice Act, is made for an order dismissing the petition herein on the ground that the petition does not state facts sufficient to entitle the petitioner to the relief asked, or to any relief. It is in effect a demurrer to the petition upon the ground that it fails to state facts sufficient to constitute a cause of action. " Under settled law relating to such procedure (*Nevins, Inc.*, v. *Kasmach*, 279 N. Y. 23, 325; *Lamb* v. *Cheney & Son*, 227 N. Y. 418, 420) the respondents thus admitted the facts outlined above and in addition conceded the truth of facts asserted in the allegation by the petitioner * * * are in violation of law, arbitrary, capricious and an abuse of any discretion." (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182, 185, 186.)

The respondent's opposition to this application is predicated on questions of law. It is urged, principally, in this regard, that what is involved here is a *judicial* act, that signing or refraining from signing a judgment submitted to the court is an exercise of a judicial function, and that where the subject-matter involved is judicial action, within the jurisdiction of the judge or court performing the judicial act, the same cannot be controlled or altered by mandamus or by a proceeding in the nature of mandamus. And it is stressed by respondent that it is provided by section 1285 of the Civil Practice Act that such an order, in the nature of mandamus, as is here sought, shall not be available to review a judicial determination, made in a civil action or special proceeding " by a court of record or a judge of a court of record." Hence the dismissal of the application sought and the opposition rest on a question of law. If the signing of the judgment is a judicial act and not a ministerial one, respondent's contention must prevail; if the converse be true, petitioner is entitled to the relief sought in the absence of a dispute of facts. I am of the opinion that it is a ministerial act and not a judicial one.

The papers appear to indicate on the part of counsel a state of indecision as to the line of distinction between a judicial and a ministerial act; I do not see that there is any reason to apprehend the existence of a nebulous state of decision in this regard; the cases seem to me to be entirely clear; all are in accord that the action of a judge in trying a cause and rendering a decision is a judicial act and that the signing and entering of a judgment is merely a ministerial act constituting solely a memorial of a judicial act. Illustrative of this view are *Vogel* v. *Edwards* (283 N. Y. 118, 121); *Decker* v. *Canzoneri* (256 App. Div. 68); *Matter of Pardee* (16 N. Y. Supp. [2d] 10, 13; affd., 259 App. Div. 101); *Ellsworth* v. *Busby* (172 Miss. 399; 160 So. 575); *Jaqua* v. *Harkins* (40 Ind. App. 639; 82 N. E. 920).

In *Vogel* v. *Edwards* (*supra*) the court said: " ' The act of rendering judgment by the justice is judicial; that of entering it in his docket is ministerial. The judicial functions of the justice are completed when he has rendered his judgment.' " In *Decker* v. *Canzoneri* (*supra*) the court said: " When the referee completed the performance of his duties and made and filed his decision his authority terminated. Judgment might then be entered upon that decision without further warrant by the clerk as a ministerial act." In *Matter of Pardee* (*supra*) the court said: " Under section 71 of the Surrogate's Court Act, it is provided that upon a trial before the Surrogate without a jury, the Surrogate must file in his office his decision in writing, which shall direct the decree to be entered. On the 7th day of August, 1939, such a decision was signed by Acting Surrogate THORN. It was filed with the Clerk of the Surrogate's Court on the 8th day of August. All that remained after the filing of the decision was the entry of the decree thereon. It seems to me that the act of the present Surrogate in signing and entering the decree, giving effect to Judge THORN's decision, is the performance of a ministerial act."

In the *Ellsworth* case the court said (p. 406): " The signing of the clerk's name is a ministerial act. A quasi judicial act is the determination of the fact as to whether the claim is a proper item, and whether it is a validly provable claim. When this is done, the signature only constitutes a memorial, and is like any other minutes, or record kept, a memorial to a judicial act, and is not a quasi judicial act in and of itself. The thing that is quasi judicial is the determination of the facts in reference to the sufficiency and legality of the claim, and not the signing of the clerk's name."

In *Jaqua* v. *Harkins* (*supra*) the court, after trial, pronounced an oral judgment, in open court, the attorneys present representing the different parties interested; it was agreed between said attorneys

and the court that an attorney then present and who represented the petitioners in the proceedings should prepare the formal entry of an order, present it to the other attorneys for approval, and on their approval, present it to the judge for his approval, and then give it to the clerk to be entered by him upon the order book. Speaking of the distinction between rendition of decision and entry thereof, the court said (p. 644): " But there is a wide distinction between the pronouncement of the court of the sentence of the law and the recording of the same by the clerk. ' The rendition of a judgment, it will be remembered, is an entirely distinct thing from the entry of it. The former is the act of the law through the mouth of the judge; the latter the act of the clerk. The former gives force and efficiency to the judgment; the latter preserves a memorial of it. The former is a judicial act; the latter is a ministerial act;' * * *. ' The rendition of a judgment and the entry of such judgment are different and distinct, each from the other.' "

It is not unusual for a judge's functions to partake of the tandem character of judicial and ministerial acts; nonetheless the line of demarcation is definitely clear and fully recognized. (Cases *supra*.) In the instant case the learned judge in the court below has erroneously regarded the signing of the judgment as a judicial act and mistakenly depends upon it as adequate to defeat the instant application on the theory that as a matter of law the petition fails to state facts constituting a cause of action. The cross-motion to dismiss is denied. The respondent may serve an answer to the petition. No costs. Settle order.