487 So.2d 1329 (1986)
Mack B. ADAMS
v.
PETAL MUNICIPAL SEPARATE SCHOOL SYSTEMS.
No. 55562.
Supreme Court of Mississippi.
April 30, 1986.
Michael Adelman, Andalman, Adelman & Steiner, Hattiesburg, for appellant.
Robert F. Drake, Hattiesburg, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
In this workmen's compensation case Mack B. Adams stated in his motion to controvert that he was injured when the truck he was driving, overloaded with poles, jackknifed and threw him out of the truck causing him to suffer a fractured right ankle and right knee as well as permanent disability. In the motion, under "other matters in dispute," is noted the question "whether or not § 71-3-5 [Miss. Code Ann. (1972)] is constitutionally valid?"
The administrative judge was of the opinion the commission had jurisdiction but that the Petal School District would be exempt from mandatory coverage under Miss. Code Ann., § 71-3-5, and dismissed the claim. Appeals to the full commission and Circuit Court of Forrest County resulted in an affirmance of the commission's order. We affirm.
The appeal is before us with the single argument that, "The exemption provided by Section 71-3-5, Mississippi Code (1972), as Annotated and Amended, is in violation of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Mississippi."
Miss. Code Ann., § 71-3-5 reads in pertinent part:
The following shall constitute employers subject to the provisions of this chapter:
Every person, firm, and private corporation, including any public service corporation but excluding, however, all nonprofit, charitable, fraternal, cultural, or religious corporations or associations, that has in service five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied.
Any state agency, state institution, state department, or subdivision thereof, including counties and muncipalities or the singular thereof, not heretofore included under the Workmen's Compensation Law, may elect, by proper action of its officers or department head, to come within its provisions and, in such case, shall notify the commission of such action by filing notice of compensation insurance with the commission... .
*1330 Appellant contends this language, by exempting Petal School District from mandatory workmen's compensation coverage, denies him the equal protection of the laws as required by the Fourteenth Amendment. The case originally relied upon for this proposition, Gutierrez v. Glasser Crandell Co., 388 Mich. 654, 202 N.W.2d 786 (1972), has been overruled by Eastway v. Eisenga, 420 Mich. 410, 362 N.W.2d 684 (1984), and is no longer of significance to the resolution of the question.
DeMonaco v. Renton, 18 N.J. 352, 113 A.2d 782 (1955), now urged as precedent, found an exclusion exempting newsboys from workmen's compensation coverage to be unconstitutional because other employees of a private business who also sold newspapers would be covered. The court stated, "The product which they are handling, newspapers and magazines, affords no logical reason for their separate classification." 18 N.J. at 360, 113 A.2d at 786. DeMonaco, supra, is factually distinguishable from this appeal and as such is not persuasive to the resolution of the present issue.
Here we have a legislative exemption of state employees, specifically Petal Separate School District, from mandatory workmen's compensation coverage. There is a good and logical reason for this, in our opinion. Financial resources are simply not available to all of the varied schools and school systems within this State for the purchase of workmen's compensation insurance coverage. Private industries have a product in which they can and do incorporate the cost factor of this insurance. Therefore, there is a rational basis for permitting compensation coverage for schools to remain discretionary rather than mandatorily imposed. Since this is so, our opinion is the constitution was not violated by the exemption.
AFFIRMED.
WALKER, and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.