**Charles TURRENTINE, Individually and as Next Friend of Jennifer Lynn Turrentine, Plaintiff,**

v.

**BROOKHAVEN, MISSISSIPPI SCHOOL DISTRICT and Ramsey L. Allred, Defendants.**

**Civ. A. No. J91–0042(B).**

United States District Court, S.D. Mississippi, Jackson Division.

July 29, 1992.

Brad Sessums, Bobby L. Dallas, Richard D. Underwood, Young Scanlon Sessums P.A., Jackson, Miss., for plaintiff.

Robert O. Allen, Allen Allen Boutwell, Brookhaven, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Motion for Summary Judgment of Defendant Brookhaven School District ("School District"). Plaintiff has responded to the Motion. The Court, having considered the Motion and response, along with memoranda of authorities and attachments thereto, is of the opinion that Defendant's Motion is well taken and should be granted.

### I. Facts and Procedural History

This is a personal injury action involving the alleged unconstitutionality of the Mississippi statutory scheme limiting damages arising out of school bus accidents. On March 27, 1990, Defendant Ramsey L. Allred was operating a school bus in Lincoln County, Mississippi while employed by Defendant School District. Defendant Allred stopped the school bus to allow Jennifer Turrentine to exit at her home. Plaintiff contends that Jennifer Turrentine proceeded to cross the road in front of the school bus, but turned around to retrieve an item that she had dropped. The school bus driven by Defendant Allred then struck Jennifer Turrentine, allegedly causing severe and disabling injuries.

Plaintiff filed the present action as next friend of Jennifer Turrentine against Defendant Allred for negligent operation of the school bus and against Defendant School District under the theory of respondeat superior because Defendant Allred was allegedly acting in the scope and course of his employment with Defendant School District at the time of the accident. Plaintiff also alleges that Miss.Code Ann. § 37–41–37 and Miss.Code Ann. § 37–41–41, which limit personal injury damages assessable against Defendant School District to $10,000, violate the fifth and fourteenth amendments of the United States Constitution and Article 3, § 24 of the Mississippi Constitution.

Defendant School District has filed a Motion for Summary Judgment asking the Court to limit Plaintiff's potential recovery to $10,000.

The Court has jurisdiction of this matter under 28 U.S.C. § 1332, there being complete diversity of citizenship between Plaintiff, a citizen of Arkansas,[1] and Defendants, citizens of Mississippi, and more than $50,000 in issue.[2]

### II. Analysis

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Su-

1. The Court notes that § 1332(c)(2) provides that "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332. Although Jennifer Turrentine was, presumably, a citizen of Mississippi at the time of the accident in March 1990, citizenship for diversity jurisdiction purposes is determined at the time that an action is commenced. *See* 13B Wright, Miller & Cooper § 3608 at 448–49. Plaintiff's Complaint, filed in January 1991, states that Jennifer Turrentine is a citizen of Arkansas. Accordingly, diversity jurisdiction over this action is appropriate unless Jennifer Turrentine temporarily moved to Arkansas with the sole intention of establishing diversity, which Defendants do not argue. *Id.* § 3638 at 95.

2. A finding in favor of Defendant School District will not deprive the court of jurisdiction, because Plaintiff seeks $2.5 million against Defendants *jointly and severally.* Moreover, the amount alleged in the Complaint at the time it was filed will satisfy the monetary requirement unless it appears to a "legal certainty" that Plaintiff cannot claim the requisite jurisdictional amount. *See Klepper v. First American Bank,* 916 F.2d 337, 340–41 (6th Cir.1990), *quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). *See also* 14A Wright, Miller & Cooper § 3702 at 35 (noting that "even if part of the claim is dismissed on a motion for summary judgment, thereby reducing plaintiff's claim below the requisite amount, the court retains jurisdiction to adjudicate the balance of the claim.").

preme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State University*, 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir.1988).

■ The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. However, the movant need not support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. at 2552–53. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper merely where the court believes it unlikely that the non-moving party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

Defendant's Motion for Summary Judgment requires the Court to consider the alleged unconstitutionality of Miss.Code Ann. § 37–41–37 and related provisions which limit the amount of damages recoverable from school districts for accidents involving school vehicles. The Court finds that the statutory scheme does not violate the federal constitution. The Court further finds, pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that the statutory scheme does not violate the Mississippi Constitution. Accordingly, Defendant's Motion for Summary Judgment is well taken and should be granted, and Plaintiff's personal injury damages against Defendant School District should be limited to $10,000 as provided by statute.

1. Mississippi School Vehicle Statutory Damage Limitation

Plaintiff contends that the Mississippi statutory scheme which limits personal injury damages arising from school vehicle accidents to $10,000 violates due process as provided by the fifth and fourteenth amendments to the United States Constitution, and denies access to the courts and adequate remedies in violation of Article 3, § 24 of the Mississippi Constitution.

Miss.Code Ann. § 37–41–37 authorizes suit against school districts for damages arising out of the operation of school buses. The statute provides in pertinent part as follows:

§ 37–41–37 *Suits for damages arising out of operation of school buses; settlement; legal representation.*

In the event of any accident resulting in the death of or injury to any person or in damage to property (a) arising out of the negligent operation of any school bus or other vehicle owned by any school district ... or operated by such school district ... for the transportation of pupils to and from the public schools of such school district ... or (b) caused by a bus while being operated in pursuance of any activity of any of such schools, or (c) arising by reason of negligence in the maintenance ... of such vehicle, *any person receiving such injuries or sustaining such damages shall have a*

*right of action against the school district ... which operates such vehicle.* Such school district ... may not plead the defense of governmental immunity in bar to any such action or recovery, and such suit may be tried as any other civil action.

Miss.Code Ann. § 37–41–37 [emphasis added]. Miss.Code Ann. § 37–41–39 establishes an "Accident Contingent Fund" from which damages awarded pursuant to Miss. Code Ann. § 37–41–37 are paid, and Miss. Code Ann. § 37–41–41 limits the amount of damages payable from the Accident Contingent Fund. Miss.Code Ann. § 37–41–41 provides in pertinent part as follows:

§ 37–41–41 *Payment of claims; limitation on amount of claims.*

Compensation on any claim shall be disbursed to such school district ... from the Accident Contingent Fund to cover any accident arising as provided in Section 37–41–37 ... No such claim shall be paid from any fund other than the Accident Contingent Fund.

*No such claim arising from such accident shall exceed the total amount of Ten Thousand Dollars ($10,000) exclusive of court costs for any one (1) person sustaining such injuries or damages, and no more than Fifty Thousand Dollars ($50,000) shall be paid in any one (1) accident. ...*

No claim for property damage shall be paid in excess of One Thousand Dollars ($1,000) per claimant per accident.

Miss.Code Ann. § 37–41–41. Under Miss. Code Ann. § 37–41–37, § 37–41–39 and § 37–41–41, therefore, suit may be brought against school districts for accidents involving school vehicles, but personal injury damages are limited to $10,000 per person and property damages are limited to $1,000 per claimant. A school district may be liable for an amount greater than $10,000 to the extent provided by liability insurance that a district has the option to purchase under Miss.Code Ann. § 37–7–304,[3] but Defendant School District did not maintain liability insurance on school buses at the time of the accident in issue. *See* Affidavit of Dr. Randy McCoy.

2. Equal Protection and Substantive Due Process Challenges under the United States Constitution

▆▆▆ Plaintiff contends that the statutory damage limitation is unconstitutional because it offends due process. Although Plaintiff does not so specify, based on Plaintiff's arguments the Court finds that Plaintiff is actually contending that the statutory scheme violates substantive due process and equal protection. In determining the constitutionality of a statute, the Court must determine the standard of review to be applied. Statutes that interfere with the exercise of a fundamental right, such as voting, or employ a suspect classification, such as race, are subjected to strict scrutiny by a reviewing court. *See, e.g., Regan v. Taxation with Representation,* 461 U.S. 540, 547, 103 S.Ct. 1997, 2001–02, 76 L.Ed.2d 129 (1983). Absent a fundamental right in a substantive due process challenge, a statute will be upheld as long as it "bears a reasonable relation to the State's legitimate purpose." *Exxon Corp. v. Governor of Maryland,* 437 U.S. 117, 124–25, 98 S.Ct. 2207, 2213, 57 L.Ed.2d 91 (1978). Similarly, absent a suspect classification in an equal protection challenge, a statute will be upheld as long as the classification bears "a rational relation to a legitimate governmental purpose." *Regan,* 461 U.S. at 547, 103 S.Ct. at 2001.

▆▆▆ Plaintiff in the present action has not asserted a fundamental right or membership in a suspect class that would

---

**3.** Miss.Code Ann. § 37–7–304 provides in pertinent part as follows:

§ 37–7–304 *Liability insurance on vehicles; lawsuits.* (a) The school board of any school district may obtain liability insurance on any vehicle operated by the district, except that excess coverage only may be purchased under authority of this section for school buses and other vehicles covered by the provisions of Sections 37–41–37 through 37–41–41 ... The school district may be sued by anyone affected by the operation of the said vehicles, to the extent of such insurance carried; provided, however, that immunity from suit is only waived to the extent of such liability insurance carried ...

Miss.Code Ann. § 37–7–304.

warrant a strict scrutiny analysis of the statutes in issue. Clearly there is no fundamental right to bring suit against the State of Mississippi or one of its political subdivisions, such as Defendant School District.[4] Indeed, Plaintiff would not even have a right of action against Defendant School District without the benefit of Miss. Code Ann. § 37–41–37, because the doctrine of sovereign immunity is still viable in Mississippi unless altered by a particular statute. *See* Miss.Code Ann. § 11–46–1, *et seq.* Plaintiff contends that the statutes violate substantive due process because they bear no rational relation to a legitimate state objective. The Court disagrees. The due process clause "does not empower the judiciary 'to sit as a superlegislature to weigh the wisdom of legislation.'" *Exxon Corp.*, 437 U.S. at 124, 98 S.Ct. at 2213, *quoting Ferguson v. Skrupa*, 372 U.S. 726, 731, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1963). The statutes bear a rational relation to the alleged objective, the protection of tax revenues, proffered by Defendant School District. Accordingly, to the extent that Plaintiff alleges a substantive due process claim, the Court finds that it should be rejected.

▪ Although the Court interprets a statement contained in Plaintiff's brief in response to Defendant's Motion as an attempt to articulate an equal protection challenge, Plaintiff has not asserted membership in a suspect class necessary for strict scrutiny equal protection analysis. In her brief in response to Defendant's Motion, Plaintiff argues that Miss.Code Ann. § 37–41–41 "irrationally discriminates against plaintiffs whose damages may exceed $10,000." Plaintiff's Memorandum Brief in Opposition to Defendant's Motion for Summary Judgment, at 5. Because Plaintiff does not assert a suspect classification, the Court employs the rational relationship test to determine if the alleged discrimination against plaintiffs with potential damages greater than $10,000 violates equal protection.

▪ As the Supreme Court stated in *Regan*, "[g]enerally, statutory classifications are valid if they bear a rational relation to a legitimate governmental purpose," as long as the classifications do not involve a suspect class. *Regan*, 461 U.S. at 547, 103 S.Ct. at 2001. Plaintiff contends that the statutory scheme is unconstitutional because it "makes no distinction between plaintiffs to whom $10,000 would be ample recovery in satisfying a claim, and victims to whom, like Jennifer Turrentine, $10,000 is completely inadequate compensation for her injuries." Plaintiff's Response Brief at 9. The Court disagrees. All that must be shown is that a statutory classification, which in this case is technically a failure to recognize a distinction between classes of plaintiffs, is rationally related to a legitimate governmental purpose. *See, e.g., Regan*, 461 U.S. at 547, 103 S.Ct. at 2001. The Court finds that the blanket statutory damage limitation applicable to all plaintiffs bears a rational relationship to the protection of state funds. *See also Adams v. Petal Municipal Separate School Systems*, 487 So.2d 1329, 1330 (Miss.1986) (legislative exemption of school districts from workers' compensation coverage did not violate equal protection because statute had a rational basis). Unlimited damage awards against school districts could deprive the State of Mississippi of funds that could be otherwise be used for other state programs. Accordingly, the Court finds that Defendant's Motion is well taken and Plaintiff's equal protection challenge should be dismissed.

3. Access to Courts and Adequate Remedies Challenge under the Mississippi Constitution

▪ Finally, Plaintiff contends that the statutory damage limitation scheme denies a "fundamental right of access to courts" provided by Article 3, Section 24 of the Mississippi Constitution. From this section, Plaintiff argues non-specific failure to provide access and adequate remedy posi-

---

**4.** Miss.Code Ann. § 37–6–5 provides that all public school districts in Mississippi are politi-cal subdivisions.

tions. Article 3, § 24 of the Mississippi Constitution provides as follows:

> All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.

Miss. Const. art. 3, § 24. Since Plaintiff's contentions are made regarding the provisions of the Mississippi Constitution, the Court is required under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply Mississippi law in deciding the issues, which have not yet been addressed by the Mississippi Supreme Court. Accordingly, this Court must determine how it feels the Mississippi Supreme Court would decide these issues if faced with them.

Plaintiff in effect contends that Section 24 is an absolute bar to statutory damage limitations, but does not cite any supporting authority. The Court finds that Plaintiff's argument is without merit. Under Plaintiff's reasoning, a state could never limit damages or impose a statute of limitations. In several decisions, the Mississippi Supreme Court has held or implied that Section 24 does not create an unlimited right of access to courts. *See, e.g., Brown v. Estess*, 374 So.2d 241 (Miss.1979) (immunity created by Mississippi Workmen's Compensation Act did not violate Section 24 right of access to courts); *Walters v. Blackledge*, 71 So.2d 433 (Miss.1954) (Mississippi Workmen's Compensation Law did not violate Section 24). *See also Ensminger v. Ensminger*, 77 So.2d 308, 310 (Miss. 1955) (Section 24 did not provide a remedy for an injury that did not otherwise constitute a legal wrong). The Court, therefore, can find no basis for interpreting Section 24 to prohibit the limitation of damages resulting from school bus accidents, and accordingly finds that Defendant's Motion is well taken and Plaintiff's claim should be rejected.

For the foregoing reasons, the Court finds that the Motion for Summary Judgment of Defendant School District is well taken and should be granted. Plaintiff's recovery, if any, against Defendant School District should be limited to $10,000 as provided by Miss.Code Ann. § 37–41–41.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant School District should be and hereby is granted.

SO ORDERED.