805 So.2d 571 (2001)
Harry W. VINSON and Brad Vinson, Appellants
v.
William (Bill) BENSON and his Insurance Carrier State Farm Fire & Casualty Company, Appellees.
No. 2000-CP-01524-COA.
Court of Appeals of Mississippi.
August 7, 2001.
Rehearing Denied October 23, 2001.
Certiorari Denied January 10, 2002.
*573 Harry W. Vinson, Appellant, pro se.
Terry R. Levy, Jackson, William M. Beasley, Scott Timothy Ellzey, Tupelo, Michael Chadwick Smith, Hattiesburg, Attorneys for Appellees.
Before KING, P.J., LEE, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Harry and Brad Vinson sued the Lee County Chancery Clerk for his refusal to allow them to remove the appellate records of two chancery court actions from the chancery courthouse. The Lee County Circuit Court dismissed the Vinsons' lawsuit against the chancery clerk for failure to state a claim upon which relief can be granted. The circuit court also forbade the Vinsons from filing any further lawsuits unless they were represented by legal counsel or unless they first petitioned the court for leave to file a lawsuit. The Vinsons petitioned the circuit court to reconsider the dismissal of their lawsuit against the chancery clerk. The circuit court denied the motion to reconsider. The Vinsons cite the following issues on appeal which we summarize as follows: (1) whether the circuit judge erred by not recusing himself; and (2) whether the circuit judge erred by dismissing their complaint and restricting their access to the court. Finding no merit, we affirm.

FACTS
¶ 2. Harry Vinson and his son Brad Vinson (the Vinsons) petitioned the Lee County Chancery Court to appoint a conservator for his elderly parents. The parents filed a separate petition in the chancery court for injunctive relief stemming from the Vinsons' exercise of powers of attorney they had obtained from the parents. The parents also asked the chancellor to appoint a conservator, but they did not wish for the chancellor to appoint either of the Vinsons. The chancellor appointed the Lee County Chancery Clerk, appellee William (Bill) Benson, to serve as conservator of the parents' estates. The Vinsons appealed the chancellor's decision in the two chancery matters to the Mississippi Supreme Court.[1]
¶ 3. The Vinsons represented themselves on appeal. When they received the notice that the record on appeal had been assembled, they sought to remove the record from the courthouse so they could review it in preparation for the appeal. Benson *574 would not allow the Vinsons to remove the record from the courthouse; however, Benson allowed the Vinsons to review the record on the premises.
¶ 4. The Vinsons sued Benson and his surety State Farm Fire and Casualty Company in the Lee County Circuit Court for his refusal to release the record in the chancery matters to them. They alleged that Benson breached his fiduciary duty under Miss.Code Ann. § 89-5-43 (1972) and that his acts denied them due process of law. Benson moved to dismiss the lawsuit, alleging that the Vinsons failed to state a claim upon which relief can be granted. The circuit judge, finding that Benson was protected by absolute quasi judicial immunity, granted the motion to dismiss. The judge also ruled that Miss. Code Ann. § 89-5-43 (1972) did not apply to the Vinsons' case.
¶ 5. In addition to dismissing the complaint, the circuit court held that the complaint was frivolous and, due to the Vinsons' history of filing numerous and repetitive lawsuits against Lee County Court personnel, the circuit court prohibited the Vinsons from filing additional lawsuits in Lee County without the court's prior permission unless they were represented by licensed legal counsel.
¶ 6. The Vinsons petitioned the circuit court to reconsider. In the petition they threatened:
If this court fails to reconsider and set aside its unconstitutional order of 14 April 2000 closing the courts in Mississippi, Plaintiffs are placing Judge Thomas J. Gardner, III on legal constructive notice that Plaintiffs will use all legal remedies available to them, such as Writ of Prohibition, Declaratories, lawsuits and complaints with the Mississippi Bar Association to secure their Constitutional Rights for violations done with malice, intent and forethought.
The circuit court denied the motion to reconsider because it did not provide any basis to set aside its order of dismissal; instead, the motion to reconsider simply reiterated the allegations set out in the complaint.

LAW AND ANALYSIS

I. DID THE CIRCUIT JUDGE ERR BY NOT RECUSING HIMSELF?
¶ 7. The circuit judge denied the Vinsons' motion to recuse himself. The Vinsons moved for recusal based on Judge Gardner's issuance of a restraining order in other proceedings in which one of the plaintiffs was a litigant. The Vinsons also claimed that Judge Gardner did not have subject matter jurisdiction over the matter in which he granted a restraining order. Judge Gardner denied the Vinsons' motion for recusal, finding that all allegations of the Vinsons' recusal motion were incorrect and untrue other than the fact that a restraining order was lawfully issued.
¶ 8. We review Judge Gardner's refusal to recuse himself using the manifest error standard. McBride v. Meridian Public Improvement Corp., 730 So.2d 548 (¶ 21) (Miss.1998). According to Canon 3(C)(1) of the Code of Judicial Conduct: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned...." A judge must recuse himself "if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." McBride, 730 So.2d at (¶ 22). A judge, who is sworn to administer impartial justice, is presumed to be qualified and unbiased. Id. To overcome the presumption of impartiality, the party seeking recusal must present evidence which produces a reasonable doubt about the presumption's validity. Id.
*575 ¶ 9. In the case sub judice, the Vinsons did not offer any evidence to raise a reasonable doubt about the presumption of impartiality, or to demonstrate manifest error on Judge Gardner's part. That Judge Gardner issued a restraining order against Harry Vinson in an unrelated case does not demonstrate, under the reasonable person standard, that Judge Gardner would be biased against the Vinsons in the present proceedings. This ground is without merit. They did not appeal the denial of their recusal motion, nor did they seek reconsideration of the denial of the recusal motion. We are, thus, without authority to address the denial of the recusal motion. Palmer v. Grand Casinos of Mississippi, Inc., 744 So.2d 745 (¶ 2) (Miss.1999).

II. DID THE CIRCUIT COURT ERR IN DISMISSING THE VINSONS' COMPLAINT AND IN LIMITING THE VINSONS' FUTURE ACCESS TO THE COURT?
¶ 10. The Vinsons did not appeal the circuit court's dismissal of their complaint or the court's imposition of restrictions upon future case filings. Rather, the Vinsons appealed the denial of their motion to reconsider. Thus, we do not have the authority to address the merits of the order of dismissal or the filing restrictions imposed by the circuit court. Id. We do have the authority to determine whether the circuit court's order denying the Vinsons' motion to reconsider was proper.
¶ 11. "[W]hile the earlier orders [cannot] be reviewed on their merits, a review of the earlier orders [is] proper in order to make a determination on the validity of the... motion." Id. at (¶ 5) (citing Cunningham v. Mitchell, 549 So.2d 955, 957-58 (Miss.1989)). "The crucial question before this Court on this appeal is whether or not the circuit judge abused his discretion in dismissing [the Vinsons'] case with prejudice." Cunningham, 549 So.2d at 959.

A. Dismissal with prejudice
¶ 12. The Vinsons claim that since other matters were introduced into evidence, Benson's M.R.C.P. 12(b)(6) motion to dismiss was converted into a motion for summary judgment. Regardless of this, dismissal of the Vinsons' claim was appropriate.
¶ 13. The Vinsons claim that Benson breached his fiduciary duty to them imposed by Miss.Code Ann. § 89-5-43 (1972). This statute applies solely to a court clerk's potential liability for failure to properly record land records and deeds of trust. Since these are not issues in the case sub judice, relief could not be granted on this ground. The circuit judge did not abuse his discretion in dismissing this improper claim. The Vinsons' motion to reconsider this issue was properly denied.
¶ 14. The Vinsons also claim that Benson's refusal to allow them to remove the record on appeal from the courthouse violated M.R.C.P. 10(b)(5). This rule allows an appellant fourteen days to review the record on appeal, once the clerk has assembled it, then requires the appellant to forward the record to the appellee's legal counsel. Benson should have allowed the Vinsons to remove the record, but the question before the circuit judge was whether Benson was personally liable for his refusal to allow the Vinsons to remove the record. The answer to this question depends upon whether Benson's act was ministerial or quasi judicial in nature.
¶ 15. "[C]ourt clerks are immune from liability when performing official acts...." Johnson v. Craft, 673 F.Supp. 191, 193 (S.D.Miss.1987). In Boston v. Lafayette County, Mississippi, et al., 744 F.Supp. 746, 750-51 (N.D.Miss.1990), the *576 court held a chancery clerk was entitled to quasi judicial immunity because he acted pursuant to his official position when he informed the special master of an affidavit and issued a writ to take custody over an individual. In Ellsworth v. Busby, 172 Miss. 399, 160 So. 575 (1935), the supreme court reviewed the chancery clerk's failure to sign a certificate of probation after the clerk's deputy had approved and registered the claim. The supreme court held that the clerk was personally liable because the signing of his name was merely a ministerial act. The court distinguished ministerial and quasi judicial acts in a probate case as follows:
The signing of the clerk's name is a ministerial act. A quasi judicial act is the determination of the fact as to whether the claim is a proper item, and whether it is a validly probatable claim. When this is done, the signature only constitutes a memorial, and is like any other minutes, or record kept, a memorial to a judicial act, and is not a quasi judicial act in and of itself. The thing that is quasi judicial is the determination of the facts in reference to the sufficiency and legality of the claim, and not the signing of the clerk's name.
Ellsworth, 160 So. at 576.
¶ 16. While the facts of the case sub judice differ, Benson's decision to restrict the Vinsons' review of the record to the courthouse was obviously a decision made in his official capacity as chancery clerk and not merely a ministerial act. The appropriate remedy would have been to file a writ of mandamus in the original chancery actions to command Benson's compliance with M.R.C.P. 10(b)(5). Instead, the Vinsons opted for a personal lawsuit against Benson. This was inappropriate and the circuit court did not abuse its discretion in dismissing the suit. Even had other facts been introduced that converted the motion to dismiss into a motion for summary judgment, an allegation argued but not sufficiently supported in the Vinsons' brief, the circuit court was correct in dismissing the suit because there were no genuine issues of material fact which could transform Benson's quasi judicial act into a ministerial act. Benson was immune from personal liability and the circuit court did not abuse its discretion by dismissing the suit. The circuit court properly denied the Vinsons' motion to reconsider the dismissal.

B. Restricted access to the courts
¶ 17. The Vinsons argue that since the circuit judge relied upon cases involving in forma pauperis parties, his decision to restrict access of the court to the Vinsons was improper because the Vinsons paid all the required fees in bringing their suits. In other words, the Vinsons believe that by paying filing fees they are entitled to unlimited access to the courts. Their belief is erroneous.
¶ 18. The Mississippi Constitution does not create an unlimited right of access to the courts. Turrentine v. Brookhaven, Mississippi School Dist., 794 F.Supp. 620, 626 (S.D.Miss.1992). "No one, rich or poor, is entitled to abuse the judicial process." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989) (citing Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir.1975)). "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., et al., 808 F.2d 358, 359 (5th Cir.1986). We adopt the view of these federal courts that abuse of the judicial process is inappropriate, and hold that this applies whether or not the party committing the abuse pays the filing fees.
¶ 19. The Vinsons have filed numerous lawsuits against three judges, numerous *577 chancery and circuit court clerks, and attorneys and law firms who represented their adversaries. All of these suits arose from the two chancery court actions. Indeed, the Vinsons threatened the circuit judge in the case sub judice with civil litigation and a Mississippi Bar complaint if he did not "reconsider and set aside [his] unconstitutional order."
¶ 20. The Vinsons' ability to afford filing fees does not provide a basis for overturning the circuit judge's decision to restrict their access to his court. The circuit court carefully outlined the circumstances under which the Vinsons could file any further lawsuits in his court. The federal courts have dealt with recreational litigants in a similar manner, and it was a reasonable way for the circuit judge to limit the Vinsons' abuse of the judicial process.[2] The circuit court did not abuse its discretion in restricting the Vinsons' access to his court, and his refusal to reconsider the filing restriction was appropriate.
¶ 21. JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING APPELLANTS' CLAIMS AND IMPOSING FILING RESTRICTIONS IS AFFIRMED. COSTS ARE ASSESSED TO APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING AND MYERS, JJ., CONCUR.
NOTES
[1] They also filed a civil lawsuit in federal district court against the chancellor, the chancery clerk, the clerk's bond holder, and the attorneys who represented the parents alleging various civil rights and due process violations. That suit was dismissed under F.R.C.P. 12(b)(6).
[2] Judge Neal Biggers dismissed the Vinsons' federal lawsuits, stemming from the two Mississippi chancery actions, and restricted the Vinsons' access to the United States District Court for the Northern District of Mississippi. Vinson v. Colom, et al., 1:99CV098-B-D (N.D.Miss.1999). Judge Biggers also imposed sanctions upon the Vinsons for their frivolous filings. Id. The United States Fifth Circuit Court of Appeals affirmed Judge Biggers's dismissal of the Vinsons' federal lawsuits, and warned the Vinsons of the court's power to sanction parties for filing frivolous appeals. Vinson v. Colom, et al., 99-60826, 228 F.3d 409 (5th Cir.2000).