MYERS, J., for the court.
¶ 1. Harry W. Vinson sued Sandra Roth-Roffy and her bond carrier, State Farm Fire & Casualty Insurance Company, in the Lee County Circuit Court alleging violations of constitutional rights and breach of fiduciary duty. The trial court dismissed Vinson’s complaint finding that Roth-Roffy was protected from liability by quasi-judicial immunity. Aggrieved by this decision, Vinson appeals asserting the following issues:
1.WHETHER VINSON’S DUE PROCESS AND EQUAL PROTECTION RIGHTS WERE VIOLATED;
2. WHETHER THE TRIAL COURT ERRED IN DISMISSING VINSON’S COMPLAINT ON THE GROUNDS OF QUASI-JUDICIAL IMMUNITY; AND
3. WHETHER VINSON’S RIGHT TO SELF REPRESENTATION WAS VIOLATED.
STATEMENT OF FACTS
¶ 2. Roth-Roffy was the court reporter for the Lee County Chancery Court. State Farm provided a bond for Roth-Roffy in her official capacity as court reporter. Vinson filed a complaint against Roth-Roffy and State Farm asserting claims of violations of due process and equal protection as well as breach of a fiduciary duty. Vinson received an adverse ruling in the Lee County Chancery Court and was attempting to perfect an appeal in that case. Vinson requested that Roth-Roffy transcribe the record of the chancery court case. Roth-Roffy submitted an estimated cost for transcription of the record to Vinson which Vinson was delinquent in paying. The chancery clerk also provided Vinson with an estimated cost of the appeal. The estimated costs were later increased by court order. The trial court dismissed Vinson’s complaint against Roth-Roffy and State Farm finding that Roth-Roffy enjoyed quasi-judicial immunity. Aggrieved by this decision, Vinson appealed asserting that Roth-Roffy breached her fiduciary duty by failing to prepare the transcript and that Roth-Roffy and the circuit judge violated his constitutional right to due process and equal protection.
LEGAL ANALYSIS
1. WHETHER VINSON’S DUE PROCESS AND EQUAL PROTECTION RIGHTS WERE VIOLATED.
¶ 3. Vinson contends in his first point of error that his rights to due pro *1252 cess and equal protection were in some way violated by Roth-Roffy or by the decision reached by the trial judge. Vinson’s allegations of constitutional violations are vaguely asserted. General or vague assertions of violations of constitutional rights are insufficient to state a claim upon which relief may be granted. Williams v. Lee County Sheriffs Dept., 744 So.2d 286, 293(¶ 13) (Miss.1999). Vinson failed to provide any support for the vague allegations that his constitutional rights were in some way violated by the trial judge or Roth-Roffy. This issue is without merit.
2. WHETHER THE TRIAL COURT ERRED IN DISMISSING VINSON’S COMPLAINT ON THE GROUNDS OF QUASI-JUDICIAL IMMUNITY.
¶ 4. Vinson contends in his next point of error that the trial court erred when it dismissed his complaint by finding that Roth-Roffy, as an official court reporter, possessed quasi-judicial immunity. Quasi-judicial immunity is determined based on whether the act performed by the individual is ministerial or quasi-judicial in nature. Vinson v. Benson, 805 So.2d 571, 576(1115) (Miss.Ct.App.2001). Ministerial tasks constitute the making of a memorial such as a record of a trial while quasi judicial acts require the determination of facts or sufficiency of claims. Id. Ministerial tasks are not clothed in quasi-judicial immunity. Id. The actions of a court reporter in producing a trial transcript for an appeal are ministerial and are not entitled to the protections of quasi-judicial immunity. The trial court’s determination that Vinson’s complaint should be dismissed on the grounds of quasi-judicial immunity is erroneous.
 ¶ 5. The determination of whether Vinson’s complaint was properly dismissed by the trial court is not foreclosed upon finding that the trial court’s basis for dismissal was erroneous. It is well settled that if the actions of a trial court can be upheld for any reason, the appellate court should affirm. Gates v. Gates, 616 So.2d 888, 890 (Miss.1993). The court reporter’s duty to prepare the transcript and file it with the trial court clerk does not arise until the appellant has paid in full the estimated costs of appeal. M.R.A.P. 11(c). Vinson was late in paying the estimated costs. Vinson has no legal basis for his claims as the delay was created by his failure to timely pay the initial estimated costs. The trial court properly dismissed Vinson’s complaint. This issue is without merit.
3. WHETHER VINSON’S RIGHT TO SELF REPRESENTATION WAS VIOLATED.
¶ 6. Vinson asserts in his final point of error that his right to self representation was violated. Vinson makes a vague allegation that his right to self representation was violated by the actions of the trial court in dismissing his complaint with prejudice. Vague allegations of violations of protected rights are insufficient to state a claim upon which relief may be granted. Williams, 744 So.2d at 293(¶ 13). Vinson again fails to provide any support for the bare allegations that his right to self representation was violated. This issue is without merit.
CONCLUSION
¶ 7. The trial court did not err when it dismissed Vinson’s complaint as Vinson did not have a legal basis for his assertions. Court reporters while not vested with quasi-judicial immunity are not required to work without being compensated. Mere bald allegations of violations of constitutional rights are insufficient to state a claim upon which relief can be granted. The issues raised by Vinson are without merit.
*1253 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, CONCUR.