## MRS. CLARA FEAZELL *v.* B. F. STALTZFUS.

### [54 South. 444.]

1. COST. *Failure to give security. Pauper's affidavit. Dismissal.*

  The court may dismiss an action commenced or continued on affidavit of poverty under Code 1906, § 948, if satisfied that the allegation of poverty is untrue, but the judgment of the court in dismissing the cause under this statute must be based on testimony capable of being embodied in a bill of exceptions and made a part of the record in the case and such a judgment is reversible on appeal.

2. DEMURRER. *Judgment on overruling. Affidavit of merit. Code 1906, section 755.*

  Where defendant's demurrer to plaintiff's declaration is overruled, plaintiff is entitled to a judgment *quod recuperet* under Code 1906, § 755, on the failure of the defendant to make affidavit of merits as provided by that statute, and this applies to all actions whether on contract or sounding in tort.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Action by Mrs. Clara Feazell v. B. F. Staltzfus, judgment for defendant and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Robert L. Bullard,* for appellant.

We submit in the outset that the plaintiff is entitled to a reversal of this cause and to the entry of a final judgment here, because:

First. The court held that so far as the circuit court of the second judicial district of Jones county is concerned section 755 of the Code has been repealed, and after overruling a demurrer to her declaration refusing her a judgment and allowing the defendant to file his pleas without having made the affidavit required by said section.

Section 755 of the Code of 1896 needs no construction and is as follows:

"755 (679). Judgment on Overruling Demurrer to Declaration. If the demurrer of the defendant be overruled, the court shall give judgment for the plaintiff for the amount due and interest; and a plea shall not be admitted unless the defendant makes oath that he has a good and substantial defense setting forth fully the nature of the defense, that the court may judge whether the plea ought to be admitted or not."

The language of this section is positive and mandatory, "If the demurrer of the defendant to the declaration be overruled the court shall give judgment for the plaintiff." The judgment shall be given "for the amount sued for with interest," which in this case is to be assessed by a jury on a writ of inquiry as she demanded, and "a plea shall not be admitted unless the defendant make oath that he has a good and substantial defense," etc. All positive and mandatory in its requirements, and no attempt or pretense was made of complying with it. It cannot even be said that the failure was an oversight. On the face of the record it was deliberate and willful. The plaintiff invoked her right under it; the court denied it, and said that so far as the act of the court is concerned it is repealed.

Second. We deem it really unnecessary but will briefly call attention to the summary manner in which the cause was arbitrarily dismissed. After denying the plaintiff her right under section 755, the court without rhyme, reason or authority said of his own free will, accord and motion: "The court is not going to allow this case to go to trial unless the plaintiff gives security for costs." Not only will not allow her the judgment under section 755 but denies her even the right to go to trial on the plea he had unlawfully allowed the defendant to file, without she would give up her right under section 947 and give security for costs she could not give.

But the court further said that it had been shown to
him, by whom or when is not disclosed to the plaintiff;
that the plaintiff has a husband able to work, and "a
mother-in-law able to give bond for costs." "A hus-
band able to work." Perhaps she has; she and the court
below seem to know best about that, at least the court
does, and she ought to know, whether she does or not,
but an abnormally dull comprehension fails to see what
that has to do with it, and I submit this feature of it to
the better judgment of this court.

*Shannon & Street,* for appellee.

Appellant complains that a judgment final, with a
writ of inquiry, was not given her when appellee's de-
murrer to the declaration was overruled; but a reading
of section 755, Code 1906, will show that she was not
entitled to a judgment. The section applies only to ac-
tions in debt, for it says that on overruling a demurrer
to a declaration, judgment shall be given for the amount
due, with interest, and a plea shall not be admitted unless
defendant make affidavit that he has a good and sub-
stantial defense, etc. This action has reference surely
to actions in debt and not at all to actions in tort. To
construe it otherwise would be to overthrow the long
established rule that penal statutes are to be strictly
construed.

Furthermore, we contend that the words "shall give
judgment for plaintiff" (overruling a demurrer to the
declaration) as used in the statute, mean simply that the
court may give judgment. 31 Miss. 578; 35 Cyc. 1451.

Therefore, whether judgment be given or not, even in
actions of debt, is entirely within the discretion of the
court. And in actions of tort the statute has no sort of
application. This being an action of tort the court was
right in declining to give judgment; and, if it had been
an action of debt, the court was still within its discre-
tion in refusing judgment, because, as heretofore stated,

the word "shall" in this kind of a statute, means "may."

What has been stated above covers, we think, the second assignment of error.

As to the third assignment of error, in dismissing the case because no bond for costs was given, but, instead an affidavit of poverty was filed, is fully and completely answered by this appeal. Appellant had to pay in cash for the transcript; and, in addition, she made a bond for this appeal. This, to our minds, demonstrates beyond any doubt that she could have given a cost bond and that her affidavit of poverty was and is untrue and that the judge was entirely right when he refused to allow the case to be tried unless the cost bond was given.

Section 948, which counsel for appellant seems to overlook, provides that "the court may dismiss an action commenced or continued on affidavit of poverty, if satisfied that the affidavit of poverty was untrue."

ANDERSON, J., delivered the opinion of the court.

The appellant, Mrs. Clara Feazell, sued the appellee, B. F. Stalzfus, for slander. The suit was brought to the September term, 1910, of circuit court of Jones county for the second district. On the 26th day of September, 1910, the appellee filed an affidavit and motion to require the appellant to give security for the costs, as provided by section 940, Code 1906. On October 3, 1910, the court entered an order sustaining this motion and fixing the cost bond to be given by appellant at two hundred and fifty dollars, with sureties to be approved by the clerk, and in this order the case was set for trial "for the fourth Thursday of the term." The appellant presented a cost bond to the clerk, with her husband and another as sureties, which the clerk declined to approve. Thereupon the appellant filed, on October 14th, an affidavit in accordance with section 947, Code 1906, setting up that because of her poverty she was unable either to pay or

secure the cost, and, to the best of her judgment, she was entitled to the redress which she sought. On October 18th thereafter appellee filed a demurrer to the declaration, which, on October 20th, was heard by the court and overruled. In the judgment overruling the demurrer there is this recital: "Thereupon the plaintiff demanded a judgment final against the defendant, and the award of a writ of inquiry to assess her damages, which the court, on the request of the defendant to be allowed to plead instanter, declined, and granted the defendant leave to plead." To the action of the court in allowing the defendant to plead, and denying a judgment final, the appellant excepted. On the same day another order was entered, dismissing appellant's suit, in this language: "This cause coming on this day to be heard, and the court having on a former day ordered plaintiff to give security for costs in the sum of two hundred and fifty dollars, and the plaintiff having failed to give such security, but instead took the oath *in forma pauperis,* and the court stating that it had been reliably informed that the plaintiff is able to give, and can give, security for costs, and so orders, and the plaintiff declining to open court to make further effort to give security for costs, it is ordered that said suit be, and the same is, hereby dismissed, to all of which plaintiff then and there excepted. It is further ordered the plaintiff pay the costs, for which let execution issue."

Certain statements made by the court and counsel, at the time the above order was made, are embodied in a bill of exceptions and made a part of the record. The facts set out in this bill of exceptions are substantially as follows: When the demurrer to the declaration was overruled, the appellant demanded judgment on the ground that appellee had not made the affidavit of merits required by section 755, Code 1906. The appellee's attorney asked leave of court to file pleas, which leave the court granted, denying appellant judgment for the

want of the affidavit above referred to. The appellant then demanded a trial, which was denied by the court. These adverse rulings to appellant were duly excepted to by her attorney. The judge, in dismissing the case, made this statement: "The court is not going to allow this case to go to trial unless the plaintiff gives security for costs. There are about seventy-two witnesses, business men and workingmen, who are forced to leave their business and come to court and stay here from time to time, without being compensated for it, it being shown that the plaintiff is a married woman, having a husband able to work, and she has a brother-in-law able to give bond for costs, and for these reasons the court is not going to allow this case to go to the jury, or to be heard in court, until plaintiff gives security for costs. If it appeared to the court that this woman was a pauper, he would allow the case to be heard."

It is contended on behalf of appellee that the action of the court in dismissing the case was authorized by section 948, Code 1906, which provides: "The court may dismiss an action commenced or continued on affidavit of poverty, if satisfied that the allegation of poverty was untrue." The judgment of the court in dismissing a cause under this statute must be based on testimony capable of being embodied in a bill of exceptions and made a part of the record in the case. Such a judgment is reviewable by this court on appeal. The question must be heard and determined on testimony adduced before the court in the regular way. This was not done. Therefore the court was in error in dismissing the case.

It is contended on behalf of appellant that, when appellee's demurrer to the declaration was overruled, appellant was entitled to a judgment *quod recuperet* under section 755, Code 1906, because of the failure of appellee to make the affidavit of merits provided by that statute. The statute provides: "If the demurrer of the defendant to the declaration be overruled, the court

shall give judgment for the plaintiff for the amount due and interest; and a plea shall not be admitted unless the defendant make oath that he has a good and substantial defense, setting forth fully the nature of the defense, that the court may judge whether the plea ought to be admitted or not." The statute applies to all actions, whether on contract or sounding in tort. It is argued that the language, "The court shall give judgment for the plaintiff for the amount due and interest," indicates a purpose that the statute shall not apply to actions sounding in tort. This position is unsound. Where the cause of action bears no interest, none, of course, is calculated.

The court below erred in permitting appellee to plead without having first made the affidavit provided for by this statute. The statute is mandatory. The court is left no discretion as to whether the affidavit shall be filed. When the cause goes back, if the affidavit is not made by the appellee, on being given an opportunity to do so by the court, judgment *quod recuperet* should be rendered for the appellant, and a writ of inquiry awarded to assess her damages.      *Reversed and remanded.*