594 So.2d 25 (1992)
Kenny Ray BLANKS
v.
STATE of Mississippi.
No. 90-CA-0810.
Supreme Court of Mississippi.
January 29, 1992.
*26 Kenny Ray Blanks, pro se.
Mike C. Moore, Atty. Gen., John L. Clay, Sp. Asst. Atty. Gen., Jackson, and Leonard C. Vincent, Parchman, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:

I.
Kenny Ray Blanks, a state prisoner lawfully in the custody of the Mississippi Department of Corrections, appeals from an order issued on July 11, 1990, by the Circuit Court of Sunflower County dismissing with prejudice his pro se civil complaint filed against certain prison officials. Blanks contends the trial court erred in dismissing his complaint without allowing him the opportunity to present evidence in support of his claims. For the reasons that follow, we reverse and remand.

II.
On May 7, 1990, Blanks, while confined in the Mississippi State Penitentiary at Parchman, filed a sworn pleading styled "Complaint For Aggravated Assault" naming as defendants Lieutenant Tyrus Shivers, Sergeant Robert Switzer, and Mary Lee Abron all correctional officers at Parchman. According to the complaint, Blanks, on April 9, 1990, was assaulted by Shivers and Switzer for no apparent reason while in the dining hall of Unit 14. Blanks alleged that Shivers hit him in the stomach, left side, and chest with a "large black stick" while Switzer subsequently used the same stick to hit Blanks several times in the chest and on both legs. Blanks further alleged Ms. Abron conspired with Shivers and Switzer to cause the assault against the plaintiff when she told the watch commander on April 9, 1990, she was going to send over "security" to beat Blanks up.
Blanks also alleged in his complaint the officials refused to carry him to the prison hospital to be examined. According to the complaint, Blanks was not taken to the hospital until three days later where he was examined by Dr. Santo who prescribed some medication for pain and swelling. Plaintiff did not describe his injuries with any degree of particularity; rather, he simply alleged he suffered a great deal of pain and mental suffering. Blanks requested a trial by jury and $10,000 damages from each defendant.
On May 7, 1990, Hon. Howard Q. Davis, Jr., Circuit Judge of the Fourth Circuit Court District, issued an order directing Betty W. Sanders, Magistrate of the Fourth Circuit Court District,[1] "... to investigate the inmate's financial status ... and to hold a hearing to determine whether there is merit to [Blanks'] complaint and to report back to the Court within forty five (45) days."
On June 19, 1990, a status conference and evidentiary hearing in the nature of a motion for a more definite statement was held utilizing the federal procedure approved in Spears v. McCotter, 766 F.2d 179 (5th Cir.1985).[2] Only the plaintiff gave testimony *27 under oath. At the conclusion of the evidentiary hearing, Magistrate Sanders ruled that Blanks had failed to demonstrate "these incidents occurred in such a way to support a recommendation to proceed" and dismissed plaintiff's complaint.
A report prepared by an inmate accounts clerk reflecting that Blanks had a zero balance in his inmate account was filed with the court. The defendants filed no pleadings.
On June 25, 1990, the magistrate filed her FINDINGS AND RECOMMENDATIONS. Relevant portions thereof read as follows:
A status conference and evidentiary hearing under Spears v. McCotter was held June 19, 1990, wherein plaintiff complained that he was assaulted by the defendants.
Plaintiff testified that defendants struck him several times about the body and refused to allow him to call internal affairs. He was issued and subsequently found guilty of a Rule Violation Report.
The undersigned finds that claim presents no arguable facts or legal basis to proceed to trial. Spears v. McCotter, 766 F.2d 179 (5th Cir.1985).
It is therefore recommended that this case be dismissed with prejudice.
In short, the magistrate made a determination under Spears that Blanks' complaint was frivolous.
During the abbreviated evidentiary hearing, the magistrate gave Blanks an opportunity to give, under the trustworthiness of the official oath, statements concerning the incident in question. Blanks' testimony amplified and provided several details into the nature of his complaint. He described the circumstances surrounding the alleged assault by Shivers and Switzer and explained the role allegedly played by Ms. Abron. Blanks indicated Shivers wanted to talk with him in the dining area of Unit 14. Officer Winters and one Willingham were allegedly present. Blanks testified Shivers took a stick from Winters and started assaulting Blanks with the stick, cursing Blanks, and asking Blanks why he was harassing an officer. Blanks denied he was harassing anyone.
Plaintiff testified Shivers repeatedly hit him in the chest, side, and legs and kept asking him why he was harassing the officer. Several minutes later Sergeant Switzer came into the kitchen and asked Blanks what was happening. Lieutenant Shivers told Switzer that Blanks had filed a grievance against the officer (presumably Abron) and claimed he was harassing the officer. At this point in time, according to Blanks, Sergeant Switzer grabbed the stick and began hitting Blanks on the leg, stomach, and side, cursing him, and threatening to kill him. After hitting Blanks for four or five more minutes, the officers instructed him to go pack his stuff. After packing his things, Blanks went to the security building where he remained until approximately 11:00 o'clock.
According to Blanks, on cross examination by a staff attorney with the department of corrections, prison officials thereupon issued him a "bogus" rules violation report (RVR) in order to protect themselves. Blanks claimed he had done nothing to deserve the RVR. He admitted that the disciplinary committee had found against him after an initial committee was unable to agree and that this adverse finding had been affirmed on appeals to the superintendent and the commissioner. He stated that the matter was on appeal to the circuit court.
During cross-examination, Blanks testified he was not able to see a doctor until Thursday, three days later. He was questioned *28 about an indication in what is presumably a medical report. The document is not made a part of the record. In that document, apparently, the doctor indicated on the patient's chart there was "no evidence of external injuries" and "no swelling." Blanks admitted that the document shown to him reflected that language but testified that it was not in accord with what the doctor told him. According to Blanks, the doctor told him he had seen where he had been hit in the back. The State's hearsay objection to what the doctor said to Blanks was inexplicably sustained. Blanks testified that he was given Rufen 600, a form of aspirin prescribed for pain and swelling.
On July 11, 1990, Circuit Judge Gray Evans issued an order adopting the FINDINGS AND RECOMMENDATIONS of the magistrate. Blanks belatedly filed his objections to the magistrate's findings on July 23, 1990. Blanks appeals to this Court from the order of dismissal with prejudice entered by the circuit judge on July 11, 1990.

III.
This is a civil complaint charging prison officials with the torts of conspiracy and assault. We do not pass upon the accuracy of the inmate's version of the events or upon the extent of his injuries, if any. We do, however, reverse and remand this case because Blanks is a pauper, and his complaint was not frivolous.

IV.
Our statutory law provides for the redress of the grievances of indigent persons in the same forums, at least through trial, as those enjoyed by persons more fortunate. Miss. Code Ann. § 11-53-17 (1972). The procedure is simple. A plaintiff need only assert by affidavit that "because of my poverty I am not able to pay the costs or give security for the same in the civil action (describing it) which I am about to commence ... and that, to the best of my belief, I am entitled to the redress which I seek by such suit." Id. It is also clear that the court may dismiss such an action if it is satisfied that the allegation of poverty is untrue. Miss. Code Ann. § 11-53-19 (1972). Just as any other pleadings, actions brought pursuant to this statute are subject to our rules, particularly Rules 3 and 11, Mississippi Rules of Civil Procedure.
Rule 3(c) MRCP provides that the court may on its on motion examine an affiant alleging pauperism as to the facts and circumstances of his financial condition. If the action is to be dismissed on the basis that the affidavit is untrue that finding should be based on evidence preserved in the record. Feazell v. Staltzfus, 98 Miss. 886, 54 So. 444 (1910). Where the court conducts a hearing to determine the issue of poverty, it is entirely reasonable and in the interest of judicial economy that the pleading also be examined and the affiant questioned to determine whether the action is frivolous and, therefore, subject to dismissal pursuant to Rule 11 MRCP. Thus the so-called Spears hearing, usually employed in pro se prisoner in forma pauperis complaints, is consonant with our law.
One purpose of the "Spears" hearing is to determine whether or not the prisoner should be permitted to file and proceed on his complaint in forma pauperis. Another purpose is to determine whether the inmate's complaint suffers from frivolity. If the complainant is not a pauper and fails to pay a cost deposit as required by Rule 3(a) MRCP or the complaint is frivolous, process need not be issued. In this event, there would be no occasion for the defendants to file an answer to the prisoner's complaint.
In the case at bar, the evidence before the magistrate reflected that Blanks was indeed a pauper. We conclude, however that the prisoner's complaint was not frivolous and so insubstantial as to not require the defendants to answer.[3] The magistrate, *29 after evaluating the prisoner's complaint and the testimony proffered by Blanks during the Spears hearing, mistakenly concluded his factual allegations and legal conclusions were frivolous. This conclusion is clearly erroneous.
"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. * * * [The] term `frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful [and farfetched] factual allegation." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 at 347 (1989). The Court was interpreting the federal in forma pauperis statute which explicitly provides for dismissal where the court is satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(d). We have defined "frivolous" in the context of a pleading scrutinized for Rule 11 MRCP purposes as one with "no hope of success." Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331 (Miss. 1989).
The magistrate was simply mistaken in concluding that Blanks' allegations and conclusions, presented no arguable facts or legal basis. The facts alleged were neither far-fetched nor fanciful. That there is dispute whether the treating physician found objective evidence of a battery three days after the fact does not render these allegations frivolous. They fairly allege specific tortious conduct of an intentional nature. Such claims are cognizable in our courts. Grantham v. Dept. of Corrections, 522 So.2d 219, 225 (Miss. 1988).

V.
Blanks met his threshold burden, and the recommendation made by the magistrate was in error. Accordingly, the order issued by the circuit judge adopting the recommendation of the magistrate was also error. We reverse and remand for appropriate proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.
NOTES
[1] Sitting pursuant to the authority granted in Miss. Code Ann. § 9-7-18 (1991).
[2] The McCotter case involved a civil rights complaint filed by a Texas prisoner in federal district court. The Court of Appeals found no reason why a district court could not refer the case to a federal magistrate to hold an evidentiary hearing "in the nature of a motion for more definite statement." Cognizant the federal courts continue to wrestle with the myriad problems presented by prisoners' cases, the volume of which mounts daily, the Court of Appeals stated:

We must take advantage of every tool in our judicial workshop. The district courts should use with greater frequency the device of referring prisoners' cases to magistrates for [28 U.S.C.] § 1915(d) determinations and for [Federal] Rule 12(b)(6) review of specific claims. To do so will not be adverse to meritorious prisoners' claims. To the contrary, limited judicial resources might then be utilized more timely and more efficaciously to resolve those cases in which relief should be granted.
[3] The Supreme Court of the United States has modified Spears, holding that a complaint filed under 42 U.S.C. § 1983 in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous within the meaning and purview of the federal in forma pauperis statute, 28 U.S.C. § 1915(d), which reads in part as follows: "The court may ... dismiss the case ... if satisfied that the action is frivolous or malicious." Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).