KING, C.J.,
for the Court.
¶ 1. Larry Huggins was indicted on March 26, 1996 for the sale of cocaine. Huggins entered a guilty plea to this charge on April 2, 1998. On April 6, 1998, Huggins was sentenced to four years incarceration, and ordered to pay a fine in the amount of $5,000, with $4,000 suspended, plus court costs, for his crime. This sentence runs consecutive to a previous twenty year sentence imposed in an agreed revocation of probation.
¶ 2. On August 31, 1998, Huggins filed a motion for post-conviction relief on his cocaine charge. His motion was denied by the Lauderdale County Circuit Court on September 23, 1998. Huggins also filed a motion for post-conviction relief attacking his conviction and revocation of probation on February 11, 1999. The trial court denied Huggins’ motion on May 5, 1999. Huggins then filed a “Motion for Post-Conviction Relief for Sentence Reduction, Early Release, or to Amend Sentence for Concurrent Time” on August 11, 2004. The trial court found that this motion was time-barred and barred as a successive writ. Finding that Huggins’ motion asserted no grounds which would except the procedural bars, the trial court dismissed Huggins’ motion as frivolous, and ordered that sixty days of accrued earned time by Huggins be forfeited, pursuant to Mississippi Code Annotated § 47-5-138 (Rev. 2004). It is from the forfeiture of sixty days earned time that Huggins entered an in forma pauperis appeal. Finding no error in the trial court’s decision, we must affirm.
DISCUSSION
¶ 3. An inmate may forfeit all or part of his earned time allowance for a serious violation of the Mississippi Department of Correction Rules. Miss.Code Ann. § 47-5-138(2) (Rev.2004). Once forfeited, earned time may not be restored. Id. On receipt of one final order of a state or federal court dismissing an inmate’s frivolous, malicious, or therefore invalid lawsuit, the department shall forfeit sixty days of an inmate’s accrued earned time.[1] *983 Miss.Code Ann. § 47 — 5—138(3)(b)(i) (Supp. 2005).
¶ 4. A trial court’s conclusion that an inmate’s motion is frivolous is reviewed for abuse of discretion. Dock v. State, 802 So.2d 1051, 1056 (¶ 11) (Miss.2001). An appeal on a matter of law in an in forma pauperis ease is generally deemed frivolous where none of the legal points are arguable on their merits. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citing Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). We employ a three-part test in further determining whether an in forma pauperis case should proceed or be dismissed as frivolous: (1) does the complaint have a realistic chance of success; (2) does it present an arguably sound basis in fact and law; and (3) can complainant prove any set of facts that would warrant relief. Evans v. State, 725 So.2d 613, 679 (¶275) (Miss.1997).
¶ 5. We find no abuse of the trial court’s discretion in finding that Huggins’ motion lacks any sound legal argument. Instead, his motion is a plea to the court to release him because he is needed at home to care for an ill mother and to be a husband and father to his wife and children. Although Huggins’ motion does include affidavits from family members to support his claim, his argument is without legal merit, and does not have a realistic chance of success. Therefore, the court was justified in finding that Huggins’ motion was frivolous. This does not mean that Huggins’ argument itself is frivolous. However, because it lacks a legal foundation, it is legally frivolous.
¶ 6. Aside from his motion lacking legal standing, Huggins’ motion is also time-barred, and successive-writ barred. In cases of a guilty plea, all claims for post-conviction relief must be brought within three years of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2004). The only exceptions to this time bar are: (1) where there has been an intervening decision by the United States Supreme Court or the Mississippi Supreme Court, which the prisoner can show adversely affected the outcome of his conviction or sentence; (2) where the prisoner has newly discovered evidence which had it been introduced at trial would have caused a different result; and (3) where the prisoner claims that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked. Id. These same exceptions apply to successive motions. See Miss.Code Ann. § 99-39-23(6) (Supp.2004). Huggins’ motion failed to raise any of the applicable exceptions to overcome the time bar or the successive-writ bar. Therefore, the decision of the trial court dismissing Huggins’ motion is affirmed.
¶ 7. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDER-DALE COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.

. For purposes of this subsection, "final order” means an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon *983 which relief could be granted. Miss.Code Ann. § 47-5-138(3)(a) (Rev.2004).