14 So.3d 760 (2009)
Wendell DUNCAN a/k/a Wendell Avery Duncan, Appellant,
v.
Donna Jill JOHNSON and Renee Covert, Appellees.
No. 2008-CP-00055-COA.
Court of Appeals of Mississippi.
March 10, 2009.
Rehearing Denied May 5, 2009.
Certiorari Denied August 6, 2009.
*762 Wendell Duncan, Pro Se.
No Brief Filed.
EN BANC.
MYERS, P.J., for the Court.
¶ 1. Wendell Duncan filed suit against Donna Jill Johnson, Circuit Clerk of Lauderdale County, and Renee Covert, a deputy circuit clerk. Duncan alleged that Johnson violated his constitutional right of access to the courts by failing to issue summonses in a prior suit. Duncan also alleged that Covert violated his right of access to the courts by refusing to subsequently alter filing dates on the docket sheet of the same action. Duncan alleged these failures resulted in that cause being dismissed, and as a result, he suffered emotional distress.
¶ 2. The circuit court dismissed Duncan's complaint as frivolous. In light of this complaint, and seven others that he had filed but not pursued, the circuit court also enjoined Duncan from filing any additional papers in the Circuit Court of Lauderdale County. Duncan appeals, arguing that the circuit court erred in dismissing his complaint as frivolous and that the circuit court's bar on his filing papers in that court violates his constitutional right of access to the courts.

DISCUSSION

1. Whether the circuit court erred in dismissing Duncan's complaint as frivolous.
¶ 3. Mississippi courts exercise concurrent jurisdiction with our federal counterparts over section 1983[1] claims, but the elements of and the defenses to the cause of action are defined by federal law. E. Miss. State Hosp. v. Callens, 892 So.2d 800, 812(¶ 21) (Miss.2004) (citations omitted).
¶ 4. Our trial courts possess an inherent authority to dismiss frivolous complaints, sua sponte, even prior to service of process on the defendants.[2]See Blanks v. State, 594 So.2d 25, 28 (Miss. 1992) ("If ... the complaint is frivolous, process need not be issued. In this event, there would be no occasion for the defendants to file an answer to the prisoner's *763 complaint."). See also Bilbo v. Thigpen, 647 So.2d 678, 684 (Miss.1994). Although a trial court is required to give a liberal construction to pro se civil rights complaints, see Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994), we review a trial court's conclusion that a complaint is frivolous for abuse of discretion. Huggins v. State, 928 So.2d 981, 983(¶ 4) (Miss.Ct.App. 2006) (citing Dock v. State, 802 So.2d 1051, 1056(¶ 11) (Miss.2001)). The power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss for failure to state a claim under Rule 12(b)(6). See Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A trial court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327, 109 S.Ct. 1827.
¶ 5. Accordingly, in reviewing the circuit court's dismissal for an abuse of discretion, we consider: (1) whether the complaint has a realistic chance of success; (2) whether it presented an arguably sound basis in fact and law; and (3) whether the complainant could prove any set of facts that would warrant relief. Dock, 802 So.2d at 1056(¶ 11). We shall address Duncan's allegations against each defendant separately.

A. Duncan's Claims Against the Circuit Clerk
¶ 6. Duncan's complaint alleged that the circuit clerk denied him access to the courts by refusing on one instance to issue summonses. Duncan claims that on May 17, 2006, he mailed a summons for each defendant, along with a cover letter,[3] to the circuit clerk's office. Duncan alleged that the circuit clerk "maliciously, recklessly, intentional[ly], and negligently failed to file [his summonses] correctly or file them at all."
¶ 7. We note as a threshold issue that an "access to the courts" claim under section 1983 requires an allegation of intentional conduct; negligent or inadvertent conduct will not suffice. Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir.1988). Likewise, a court clerk is entitled to qualified immunity for good faith efforts in the execution of her duties, unless her conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); see also Antoine v. Byers & Anderson Inc., 508 U.S. 429, 432 n. 4, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993); Rheuark v. Shaw, 628 F.2d 297, 305 (5th Cir. 1980). Clearly, the circuit court did not abuse its discretion in finding Duncan's complaint frivolous to the extent he alleged harm from inadvertent conduct or a good faith mistake. Nor can we say that the circuit court abused its discretion in finding Duncan's allegations, to the narrow extent they may be actionable, to be improbable.
¶ 8. Even if we accept the facts alleged in the complaint as true, it is not clear that Duncan has stated a cause of action under section 1983. Duncan filed suit on January 30, 2006, but he admits that he did not *764 attempt to issue summonses prior to May 17, 2006, when less than two weeks remained of the 120 days allowed for service of process by Mississippi Rule of Civil Procedure 4(h). Even if Duncan mailed the summonses on May 17, 2006, as he claimed, and the circuit clerk had promptly issued process and delivered it to the sheriff, there is no guarantee that service would have been effected prior to the expiration of the 120-day period. Likewise, had Duncan diligently prosecuted his claim, he could have sought a writ of mandamus to order the circuit clerk to issue the summonses. Furthermore, the Mississippi Rules of Civil Procedure provided Duncan an opportunity to seek enlargement of the time allowed for service, prior to the expiration of the 120-day period under Rule 6(b)(1), but he did not. Duncan was also permitted to extend the 120-day period by motion following its expiration on a showing of excusable neglect under Rule 6(b)(2), or excuse his failure to timely serve process with a showing of good cause under Rule 4(h).
¶ 9. Instead, Duncan did not follow up on the cause until September 25, 2006, long after the end of the 120-day period for service. Under these circumstances, we find the reasoning in Kincaid v. Vail, 969 F.2d 594 (7th Cir.1992), to be persuasive. With similar operative facts before it, the Seventh Circuit held:
The appellants had adequate state remedies available to them. The Indiana Constitution assures civil litigants the right of access to the courts.... Indiana law permits enforcement of those rights by providing that writs of mandate and prohibition may be issued to any and all inferior courts compelling the performance of any duty enjoined by law upon the inferior courts....
More fundamentally, the appellants have not alleged that any prejudice resulted from the March return of their check. This action ... caused at most a delay in the plaintiffs' access to the court. While a delay or interruption in pending or contemplated litigation may indicate a deprivation of constitutional dimensions, we have required a showing of prejudice. Here, if the plaintiffs suffered any prejudice ... [it] is attributable to [a subsequent judicial decision].
Id. at 602-03 (citations and internal quotations omitted). Considering the lengthy 120-day period allowed for service and the multitude of remedies available to Duncan, we do not see this single, isolated failure of the circuit clerk to be an actionable interference with Duncan's right of access to the courts. Any prejudice Duncan suffered was a result of his failure to prosecute the suit.

B. Duncan's Claims Against the Deputy Clerk
¶ 10. Duncan's only allegation against the deputy clerk was that she refused to "correct" the docket to reflect the filing of the summonses he claimed to have mailed to the circuit clerk on May 17, 2006. As the circuit court explained, the docket only reflects filings; it cannot be "corrected" to include documents that were never filed. Duncan's argument is without legal merit and does not have a realistic chance of success. Furthermore, Duncan can claim no prejudice to his right of access to the courts by any actions of the deputy clerk because his request to correct the docket was not made until September 25, 2006, almost four months after the 120 days allowed to serve process had run. The deputy clerk could not have done anything in response to Duncan's letter that would have prevented his complaint from being dismissed.

*765 2. Whether the circuit court erred in sanctioning Duncan.
¶ 11. The circuit court ordered that Duncan "may not file and is barred from filing another Complaint or any other pleading whatsoever in this Court. The Circuit Clerk is ordered and directed not to accept, receive or file any additional pleadings, documents, letters or other correspondence from the Plaintiff, Wendell Duncan."
¶ 12. In Vinson v. Benson, 805 So.2d 571, 576(¶ 18) (Miss.Ct.App. 2001), this Court discussed the inherent authority of our trial courts to regulate and sanction abusive litigants:
The Mississippi Constitution does not create an unlimited right of access to the courts. Turrentine v. Brookhaven, Mississippi School Dist., 794 F.Supp. 620, 626 (S.D.Miss.1992). "No one, rich or poor, is entitled to abuse the judicial process." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989) (citing Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir.1975)). "One acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir.1986). We adopt the view of these federal courts that abuse of the judicial process is inappropriate....
Nonetheless, "[C]ourts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts." Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir.1986). While we recognize the circuit court's considerable discretion in crafting restrictions on abusive litigants, this authority does not extend to an absolute, permanent bar on future filings.
¶ 13. Therefore, although we affirm the circuit court's dismissal of Duncan's complaint as frivolous, the circuit court's injunction is vacated, and the cause is remanded for the circuit court to consider an appropriate alternative sanction.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED IN PART AND VACATED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
LEE, P.J., GRIFFIS, and CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., IRVING AND ISHEE JJ. KING, C.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. ROBERTS AND MAXWELL, JJ. NOT PARTICIPATING.
BARNES, J., Concurring in Part, Dissenting in Part.
¶ 15. I must respectfully dissent from the majority's decision to affirm the dismissal of Duncan's lawsuit as "patently frivolous" without any notice or opportunity for Duncan to be heard in the circuit court. While Duncan's claims may indeed be found to be frivolous upon further review, he is entitled to a Spears hearing[4] *766 prior to any dismissal of his complaint. I do, however, concur with the majority opinion that the circuit court's injunction on future filings be vacated and remanded.
¶ 16. The trial judge, upon his own motion, dismissed Duncan's complaint against the circuit clerk and her deputy clerk on the same day it was filed and, further, barred Duncan from filing any further pleadings in the court. The trial judge cited no authority for such action. Although the majority cites Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for the proposition that the trial court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" a closer review of the case reveals that such authority is only accorded under 28 U.S.C. § 1915(d). Id. ("To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory ...") (emphasis added). The Supreme Court stated in Neitzke:
Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.
Id.[5] Mississippi, however, has no comparable statute.
¶ 17. Regardless, our supreme court, fully cognizant of the concerns raised in Neitzke, has addressed the issue of dismissal of frivolous claims brought by a pro se in forma pauperis litigant in Blanks v. State, 594 So.2d 25 (Miss.1992) and in Bilbo v. Thigpen, 647 So.2d 678 (Miss.1994). In those cases, the supreme court stated that our rules of civil procedure adequately cover the process outlined in section 1915(d) under Mississippi Rules of Civil Procedure 3 and 11. In Blanks, the court explained:
Rule 3(c) MRCP provides that the court may on its [own] motion examine an affiant alleging pauperism as to the facts and circumstances of his financial condition. If the action is to be dismissed on the basis that the affidavit is untrue that finding should be based on evidence preserved in the record. Feazell v. Staltzfus, 98 Miss. 886, 54 So. 444 (1911). Where the court conducts a hearing to determine the issue of poverty, it is entirely reasonable and in the interest of judicial economy that the pleading also be examined and the affiant questioned to determine whether the action is frivolous and, therefore, subject to dismissal pursuant to Rule 11 MRCP. Thus the so-called Spears hearing, usually employed in pro se prisoner in forma pauperis complaints, is consonant with our law.
Blanks, 594 So.2d at 28. Therefore, the purpose of a Spears hearing is to determine *767 whether or not a "prisoner should be permitted to file and proceed on his complaint in forma pauperis" and whether "the inmate's complaint suffers from frivolity." Id. It is only if the trial judge finds that the "complainant is not a pauper" or "the complaint is frivolous, process need not be issued[,]" and there would be no need for a "defendant[] to file an answer to the prisoner's complaint." Id.
¶ 18. "Once a Spears evidentiary hearing is conducted, dismissal of the case because of frivolity becomes an issue." Bilbo, 647 So.2d at 688. The supreme court in Bilbo recognized that while a Spears hearing "is not explicitly authorized by our state statutes, it is a federal procedure consonant with our law, given approval in Blanks and Rougeau[.]"[6]Id. at 693. "Therefore, we choose to give meaning and effect to Spears hearings, announcing our employment of the United States Supreme Court's definition of `frivolous' and the abuse of discretion appellate standard of review for application to pro se prisoners' in forma pauperis complaints." Id.
¶ 19. The majority submits that, based on the Fifth Circuit Court of Appeals' ruling in Eason v. Thaler, 14 F.3d 8, 9 (5th Cir.1994), a Spears hearing is only necessary in situations where "it appear[s] that insufficient factual allegations might be remedied by more specific pleading." They contend that Duncan's claims were not actionable and, therefore, did not merit such an opportunity. However, Eason is distinguishable from the present case in that it is a federal court case; consequently, section 1915 would be applicable. As already noted, section 1915 is not applicable to cases brought in Mississippi courts.
¶ 20. In both Blanks and Bilbo, the prisoner was afforded a Spears hearing prior to the dismissal of his claim. I find no Mississippi authority for dismissing a prisoner's claim without such a hearing, and the majority has cited none. Accordingly, I find that the trial judge's failure to afford Duncan a Spears hearing, which our supreme court has found to be an appropriate procedure in determining a pro se prisoner's claims, to be reversible error. In my view, the case should be remanded for a Spears hearing in order to afford Duncan notice and an opportunity to be heard prior to any dismissal of his claim.
KING, C.J., IRVING AND ISHEE, JJ., JOIN THIS OPINION.
NOTES
[1] 42 U.S.C. § 1983 (2006).
[2] The dissent asserts that the trial court was required to conduct a Spears hearing prior to dismissing Duncan's complaint. See Spears v. McCotter, 766 F.2d 179 (5th Cir.1985). It can cite no Mississippi authority holding a trial court in error for not conducting such a hearing. Indeed, in authorizing Spears hearings, our supreme court held that a trial court "may on its own motion" hold such a hearing when the plaintiff alleges poverty; it is not required. See Blanks v. State, 594 So.2d 25, 28 (Miss. 1992) (emphasis added).

In the Fifth Circuit, a prisoner-plaintiff is only entitled to a Spears hearing when "it appear[s] that insufficient factual allegations might be remedied by more specific pleading." Eason v. Thaler, 14 F.3d 8, 9 (5th Cir.1994) (emphasis added); see also Rougeau v. Shepard, 607 So.2d 1227, 1231-32 (Miss. 1992) (describing a Spears hearing as "a limited inquiry regarding the facts of inartfully drawn pleadings"). In the Fifth Circuit, a district court's decision not to hold such a hearing is reviewed for an abuse of discretion. Eason, 14 F.3d at 9. Even assuming that a Mississippi circuit court could be held to error in not conducting a Spears hearing, the court here did not abuse its discretion in finding one unnecessary; we affirm its dismissal because the facts, although clearly alleged, are nonetheless not actionable.
[3] The cover letter read:

Please find enclosed, two (2) summons for Willie Bookert and Darryl Johnson, to be served the filed complaint, thats [sic] attached to the summons. I would like you to file this action, just in case they have not been served, because I have not received an answer from either one and I have a Motion for Summary Judgment filed on the 22nd day of March, 2006. I would like you, to return me a stamped filed copy of the same....
[4] In Spears v. McCotter, 766 F.2d 179 (5th Cir.1985), the court held that a prisoner proceeding in forma pauperis may be afforded an evidentiary hearing by a magistrate to determine if there is a legal basis for the claim. The court in Spears encouraged the trial courts to examine pro se pleadings, "using interrogatories as well as evidentiary hearings to do so, prior to deciding whether the prisoner can state a claim to satisfy Rule 12(b)(6)." Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir.1986).
[5] The statute was revised in 1996, and section 1915(d) was re-designated as section 1915(e). The statute states in pertinent part that a court may dismiss an in forma pauperis case "at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
[6] Rougeau v. Shepard, 607 So.2d 1227 (Miss. 1992).