BARNES, J.,
Concurring in Part, Dissenting in Part.
¶ 15. I must respectfully dissent from the majority’s decision to affirm the dismissal of Duncan’s lawsuit as “patently frivolous” without any notice or opportunity for Duncan to be heard in the circuit court. While Duncan’s claims may indeed be found to be frivolous upon further review, he is entitled to a Spears hearing[4] *766 prior to any dismissal of his complaint. I do, however, concur with the majority opinion that the circuit court’s injunction on future filings be vacated and remanded.
¶ 16. The trial judge, upon his own motion, dismissed Duncan’s complaint against the circuit clerk and her deputy clerk on the same day it was filed and, further, barred Duncan from filing any further pleadings in the court. The trial judge cited no authority for such action. Although the majority cites Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for the proposition that the trial court has “not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint’s factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]” a closer review of the case reveals that such authority is only accorded under 28 U.S.C. § 1915(d). Id. (“To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory ... ”) (emphasis added). The Supreme Court stated in Neitzke:
Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.
Id.[5] Mississippi, however, has no comparable statute.
¶ 17. Regardless, our supreme court, fully cognizant of the concerns raised in Neitzke, has addressed the issue of dismissal of frivolous claims brought by a pro se in forma pauperis litigant in Blanks v. State, 594 So.2d 25 (Miss.1992) and in Bilbo v. Thigpen, 647 So.2d 678 (Miss.1994). In those cases, the supreme court stated that our rules of civil procedure adequately cover the process outlined in section 1915(d) under Mississippi Rules of Civil Procedure 3 and 11. In Blanks, the court explained:
Rule 3(c) MRCP provides that the court may on its [own] motion examine an affiant alleging pauperism as to the facts and circumstances of his financial condition. If the action is to be dismissed on the basis that the affidavit is untrue that finding should be based on evidence preserved in the record. Feazell v. Staltzfus, 98 Miss. 886, 54 So. 444 (1911). Where the court conducts a hearing to determine the issue of poverty, it is entirely reasonable and in the interest of judicial economy that the pleading also be examined and the affiant questioned to determine whether the action is frivolous and, therefore, subject to dismissal pursuant to Rule 11 MRCP. Thus the so-called Spears hearing, usually employed in pro se prisoner in forma pau-peris complaints, is consonant with our law.
Blanks, 594 So.2d at 28. Therefore, the purpose of a Spears hearing is to deter *767 mine whether or not a “prisoner should be permitted to file and proceed on his complaint in forma pauperis” and whether “the inmate’s complaint suffers from frivolity.” Id. It is only if the trial judge finds that the “complainant is not a pauper” or “the complaint is frivolous, process need not be issued!,]” and there would be no need for a “defendant! ] to file an answer to the prisoner’s complaint.” Id.
¶ 18. “Once a Spears evidentiary hearing is conducted, dismissal of the case because of frivolity becomes an issue.” Bilbo, 647 So.2d at 688. The supreme court in Bilbo recognized that while a Spears hearing “is not explicitly authorized by our state statutes, it is a federal procedure consonant with our law, given approval in Blanks and Rougean [.]”[6] Id. at 693. “Therefore, we choose to give meaning and effect to Spears hearings, announcing our employment of the United States Supreme Court’s definition of ‘frivolous’ and the abuse of discretion appellate standard of review for application to pro se prisoners’ in forma pauperis complaints.” Id.
¶ 19. The majority submits that, based on the Fifth Circuit Court of Appeals’ ruling in Eason v. Thaler, 14 F.3d 8, 9 (5th Cir.1994), a Spears hearing is only necessary in situations where “it appeals] that insufficient factual allegations might be remedied by more specific pleading.” They contend that Duncan’s claims were not actionable and, therefore, did not merit such an opportunity. However, Eason is distinguishable from the present case in that it is a federal court case; consequently, section 1915 would be applicable. As already noted, section 1915 is not applicable to cases brought in Mississippi courts.
¶ 20. In both Blanks and Bilbo, the prisoner was afforded a Spears hearing prior to the dismissal of his claim. I find no Mississippi authority for dismissing a prisoner’s claim without such a hearing, and the majority has cited none. Accordingly, I find that the trial judge’s failure to afford Duncan a Spears hearing, which our supreme court has found to be an appropriate procedure in determining a pro se prisoner’s claims, to be reversible error. In my view, the case should be remanded for a Spears hearing in order to afford Duncan notice and an opportunity to be heard prior to any dismissal of his claim.
KING, C.J., IRVING AND ISHEE, JJ., JOIN THIS OPINION.

. In Spears v. McCotter, 766 F.2d 179 (5th Cir.1985), the court held that 'a prisoner proceeding in forma pauperis may be afforded an evidentiary hearing by a magistrate to determine if there is a legal basis for the claim. The court in Spears encouraged the trial *766 courts to examine pro se pleadings, “using interrogatories as well as evidentiary hearings to do so, prior to deciding whether the prisoner can state a claim to satisfy Rule 12(b)(6).” Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir.1986).

. The statute was revised in 1996, and section 1915(d) was re-designated as section 1915(e). The statute states in pertinent part that a court may dismiss an in forma pauperis case "at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

. Rougeau v. Shepard, 607 So.2d 1227 (Miss.1992).