# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00681-COA

**PAUL ROBINSON**                                                    **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF                                         APPELLEE
CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/11/2015 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL ROBINSON (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ANTHONY LOUIS SCHMIDT JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | DISMISSED APPELLANT'S CLAIM |
| DISPOSITION: | AFFIRMED - 03/21/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BARNES, J., FOR THE COURT:**

¶1.    Paul Robinson filed a pro se action in Leake County Circuit Court, seeking review of two decisions rendered under the Mississippi Department of Corrections' (MDOC) Administrative Remedies Program (ARP).  In his petition, he alleged the MDOC improperly withdrew funds from his inmate account, and he sought relief in the form of reimbursement, legal fees, and punitive damages.  However, Robinson filed his complaint against Walnut Grove Correctional Facility (Walnut Grove), not the MDOC, and he failed to serve process on either Walnut Grove or the MDOC.  The circuit court summarily dismissed the claims,

and Robinson filed this appeal. On June 17, 2016, this Court ordered that Walnut Grove be dismissed as a party and that the MDOC be substituted in its place.

¶2. Finding the circuit court had jurisdiction and cause to dismiss Robinson's claim sua sponte, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. Robinson was convicted of murder in Bolivar County Circuit Court in June 2003 and was sentenced to life in prison. After serving time at the Greene County Correctional Facility, Robinson was transferred to Walnut Grove. On April 11, 2013, Robinson requested legal mail services in the amount of $13.88. Since his inmate account balance was only $2.38 at the time services were rendered, the funds for the services were later withdrawn automatically from his account on May 21, 2013, when his balance was sufficient to cover the overdue costs. This withdrawal of funds was in accordance with the MDOC's policy.[1] On September 3, 2013, Robinson filed a complaint under the ARP, alleging he was overcharged by $13.88 on his inmate account. In its first-step-response form, the MDOC explained to Robinson that he was charged $13.88 for legal mail services rendered in April 2013. Robinson proceeded to the second step in the ARP, and his claim was again rejected. On January 16, 2014, Robinson acknowledged the MDOC's final decision to reject his complaint. Robinson did not appeal this decision to the circuit court within the required

---

[1] Although not attached to his original complaint and, therefore, not considered by the trial court in its decision, Robinson also acknowledged in writing on April 11, 2013, that his account balance ($2.38) was insufficient to cover postal charges of $13.88 and that he understood that amount would be paid "at such time as funds are received."

2

thirty days.[2]

¶4.    Subsequently, on July 10, 2014, Robinson mailed five separate letters, costing $5.32 each and totaling $26.60 in legal mailing fees. Again, his inmate account balance was insufficient to cover the fees; so his account was not charged until November 16, 2014, after $50.00 had been deposited into the account. In January 2015, Robinson filed another complaint under the ARP, arguing the November 2014 charge was incorrect. After his complaint was rejected, he went through the remaining steps of the ARP process, and on February 24, 2015, the MDOC entered a final decision, finding no merit to his claim.

¶5.    Robinson filed a complaint with the Leake County Circuit Court on March 9, 2015. He sought reimbursement for the disputed withdrawals in September 2013 and November 2014. Although he was disputing the MDOC's decision to reject his earlier claims, Robinson named Walnut Grove as a party. The MDOC was not named as a party, nor was it served with process.

¶6.    The circuit court summarily dismissed Robinson's claims, and Robinson timely appealed the court's judgment. On March 21, 2016, Walnut Grove filed a motion to dismiss based on the grounds that it was not a legal entity subject to suit, was never served process, and had no involvement in handling Robinson's inmate account. On June 7, 2016, this Court denied the motion to dismiss the appeal. However, we dismissed Walnut Grove as a party to the suit, the MDOC was substituted as a party in its place, and the case was restyled as

_____

[2] Mississippi Code Annotated section 47-5-807 (Rev. 2015) provides: "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."

3

*Paul Robinson v. Mississippi Department of Corrections.*

## DISCUSSION

¶7.     Robinson claims that his due-process rights were violated by the withdrawals made to his inmate account.  The MDOC argues that Robinson's failure to name the MDOC as a party and to serve the MDOC with process deprived the circuit court of jurisdiction to consider his claims.  The dissent agrees with the MDOC's position, arguing that the absence of the service of process warrants a vacation of the court's judgment and a remand for further proceedings.  We find that the circuit court had jurisdiction to dismiss Robinson's frivolous claim.

¶8.     In *Duncan v. Johnson*, 14 So. 3d 760, 762 (¶4) (Miss. Ct. App. 2009), this Court recognized our trial courts' "inherent authority to dismiss frivolous complaints, sua sponte, even prior to service of process on the defendants."  (Citations omitted).

> Although a trial court is required to give a liberal construction to pro se civil rights complaints, *see Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994), we review a trial court's conclusion that a complaint is frivolous for abuse of discretion. *Huggins v. State,* 928 So. 2d 981, 983 (¶4) (Miss. Ct. App. 2006). The power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss for failure to state a claim under [Mississippi] Rule [of Civil Procedure] 12(b)(6). *See Neitzke v. Williams,* 490 U.S. 319, 326 (1989). A trial court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.

In *Neitzke*, 490 U.S. at 324, the United States Supreme Court noted that "[d]ismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."

¶9. Thus, although Robinson failed to serve process on the proper defendant, the trial court had the authority to dismiss the claim if it found that Robinson's complaint was meritless. In his complaint, Robinson claimed that he was overcharged for postage fees on two occasions, and the withdrawals of funds for these fees from his inmate account were a violation of due process. MDOC Standard Operating Procedure 20-02-01 provides: "Offenders will be required to pay their own postage if they have sufficient funds." The documents attached to Robinson's complaint contradict his allegations. Robinson incurred postage charges of $13.88 on April 11, 2013, and the MDOC clearly explained in its ARP response form that those funds were not debited until the following month, due to insufficient funds in Robinson's inmate account at the time of mailing. Additionally, Robinson's inmate account statement showed a postage liability of $26.36 on October 20, 2014. Again, since his inmate account balance was insufficient to pay the charges at that time, those funds were debited against a $50.00 deposit into his account the following month, on November 16, 2014, leaving him a balance of $23.64.

¶10. The trial court correctly determined in its order of dismissal that "upon review of the face of the Petition that this Court cannot grant any relief." In *Leavitt v. Carter*, 178 So. 3d 334, 338 (¶12) (Miss. Ct. App. 2012), we affirmed a trial court's sua sponte dismissal of the appellants' complaint, although the court's dismissal merely concluded that the complaint was without a "sound basis in law," noting there was nothing to indicate the court dismissed "for lack of jurisdiction." As there is no indication the trial court dismissed for lack of jurisdiction, rather than the lack of merit, we affirm its dismissal of Robinson's claims.

5

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS, J. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

**ISHEE, J., DISSENTING:**

¶12. With respect to the majority, I dissent. Robinson filed a pro se action in Leake County Circuit Court, seeking review of two decisions rendered under the MDOC's ARP. Robinson did not list the MDOC as a party to the litigation, nor did he serve process on the MDOC. Robinson alleged that the MDOC improperly took funds from his inmate account, and he sought relief in the form of reimbursement, legal fees, and punitive damages. The circuit court summarily dismissed Robinson's claims, and Robinson filed this appeal. On June 7, 2016, this Court ordered that Walnut Grove Correctional Facility be dismissed as a party and that the MDOC be substituted in its place.[3] I adopt the facts as stated in the majority opinion; however, because I find that the proper party to this action was never served with process, I would vacate the circuit court's dismissal and remand this case back to the circuit court for proceedings in accordance with Rule 4 of the Mississippi Rules of Civil Procedure.

## DISCUSSION

---

[3] In its order, this Court found that the circuit court improperly styled the case as *Paul Robinson v. Walnut Grove Correctional Facility*; Walnut Grove was not targeted in the initial complaint by reference or allegation. Instead, this Court found that the MDOC was targeted in the initial complaint and that the MDOC was the proper party. Thus, Walnut Grove was dismissed as an improper party to the appeal, and the MDOC was substituted in its place. *See* Order, 2015-CP-00681-COA (Miss. Ct. App. June 9, 2016).

6

¶13. Jurisdictional questions receive a de novo review. *McCain Builders Inc. v. Rescue Rooter LLC*, 797 So. 2d 952, 954 (¶7) (Miss. 2001). "Personal jurisdiction is established when a defendant is properly served the summons and complaint under Rule 4 of the Mississippi Rules of Civil Procedure." *Richard v. Garma-Fernandez*, 121 So. 3d 929, 933 (¶21) (Miss. Ct. App. 2013). Personal jurisdiction is also established when a defendant voluntarily enters a general appearance. *Isom v. Jernigan*, 840 So. 2d 104, 107 (¶9) (Miss. 2003) (citations omitted). Without either occurrence, the circuit court does not have jurisdiction over the person. *Mansour v. Charmax Indus. Inc.*, 680 So. 2d 852, 854 (Miss. 1996) (citing *State ex rel. Moak v. Moore*, 373 So. 2d 1011, 1012 (Miss.1979)). "Jurisdiction of the court is not obtained by a defendant informally becoming aware that a suit has been filed against [him]. Complete absence of service of process offends due process and cannot be waived." *Isom,* 840 So. 2d at 107 (¶10) (citing *Mansour*, 680 So. 2d at 854-55).

¶14. Robinson failed to serve process upon the proper party in this case. Therefore, I would vacate the circuit court's judgment dismissing the case against Walnut Grove Correctional Facility, and remand this case for proceedings in accordance with Rule 4 of the Mississippi Rules of Civil Procedure.

**WESTBROOKS, J., JOINS THIS OPINION.**